---

(No. 14367.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH CHRISTY *et al.* Plaintiffs in Error.

*Opinion filed February 22, 1922—Rehearing denied April 7, 1922.*

1. CRIMINAL LAW—*when evidence is sufficient to sustain charge of robbery.* On a review of a conviction for robbery, an assignment of error that the evidence fails to show that anything of value was taken from the person alleged to have been robbed is not sustained, where the evidence shows that the defendants took from him two one-dollar bills and some change in silver.

2. SAME—*when instruction as to reasonable doubt does not disregard defense of alibi.* Where an alibi is set up as a defense in a prosecution for robbery, an instruction stating that a reasonable doubt, to authorize an acquittal, must be as to the guilt of the accused on the whole evidence and not as to any particular fact is not subject to the criticism that the jury might regard the evidence of an alibi or of the defendants' identity as a particular fact and find the defendants guilty notwithstanding a reasonable doubt as to either of such facts, as the requirement of the instruction necessarily includes proof concerning the defendants' identity and their presence at the commission of the crime.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

W. W. O'BRIEN, (W. G. ANDERSON, of counsel,) for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, CLYDE C. FISHER, and HENRY T. CHACE, JR., of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon a trial in the criminal court of Cook county the plaintiffs in error, Joseph Christy and William Walter Larken, were severally found guilty of robbery when armed with a dangerous weapon, and each was found to be of the age of nineteen years. They were sentenced to the Illinois State Reformatory at Pontiac for a term of years not to exceed the maximum fixed by the statute. The record has been brought to this court for review by a writ of error.

One of the errors assigned upon the record is that there was no indictment for robbery returned to the criminal court, the indictment being indorsed, "Confidence Game." Upon examination of the original indictment remaining in the criminal court it was found that it was properly indorsed and returned as an indictment for robbery, and to avoid correcting the record returned to this court it was stipulated by counsel that the objection made should be withdrawn.

Another assignment of error is that the evidence failed to show that anything of value was taken from the person alleged to have been robbed. On that subject the evidence was the testimony of Herbert A. Christ that the defendants ordered him to hold up his hands and asked him how much money he had with him; that he said he had about three dollars; that they went through his pockets and took

his money, which consisted of two one-dollar bills and some change in silver. Robbery is the felonious and violent taking of money, goods or other valuable thing from the person of another by force and intimidation, and a dollar bill is money. Silver in any form has value, and the evidence was sufficient. *Schroeder* v. *People,* 196 Ill. 211; *People* v. *Nolan,* 250 id. 351.

The next objection is that the evidence did not justify the verdict. Herbert A. Christ testified that he was an automobile salesman employed by the Rockford Motor Company at 2634 Michigan avenue, Chicago; that on March 7, 1921, at about five o'clock in the evening, he drove into the alley between Wabash and Michigan avenues north from Twenty-seventh street and stopped the car and locked it, when the defendants jumped on the running-board and ordered him to unlock the car, which he did; that they made him drive through the alley to Twenty-sixth street, then over to LaSalle street and south on LaSalle, and committed the robbery just before they reached Twenty-ninth street; that the defendants had been loitering about the alley for a week or ten days before the robbery, and he positively identified them as the robbers in an apparently convincing way. The treasurer of the Rockford Motor Company also testified that he had seen the defendants frequently prior to March 7 hanging around the alley, mostly in the evening. The defendants denied any participation in the robbery or that they were at the place where it occurred, and the defendant Larken introduced the testimony of a doctor, who said that he attended him at his home for *la grippe* for about two weeks, beginning on February 28, 1921; that Larken was laid up with *la grippe* from March 7 to March 21; that the last time he visited him professionally was on March 15; that he saw him a week later at his mother's home; that he visited him on March 6 and gave him some medicine which he had with him but did not prescribe for him between the 6th and 15th, and

that he saw him on March 15 because he was treating his sister and called to see the mother and sister. His testimony was not only uncertain and confused but he did not produce his books, and said that when he gave Larken medicine on March 6 he was practically recovered and was up and dressed. The doctor was also discredited by testimony in rebuttal that on March 14, in the morning, both defendants were in a drug store at 5456 South State street. Larken's mother testified that he was home between the hours of five and six o'clock on March 7. From this recital of the testimony it will be apparent that the judgment cannot be reversed on the ground that the verdict was contrary to the evidence.

The court gave an instruction advising the jury that the rule requiring them to be satisfied of the guilt of the defendants from the evidence, beyond a reasonable doubt, in order to warrant a conviction, is complied with if, taking the testimony altogether, the jury are satisfied, beyond a reasonable doubt, that the defendants are guilty, and that the reasonable doubt to authorize an acquittal must be as to the guilt of the accused on the whole evidence and not as to any particular fact. It is not claimed that the instruction was incorrect as a general proposition, but the argument is that it was misleading and prejudicial in this case because the jury might regard the evidence of the defendants' identity or the evidence of an alibi as a particular fact, and find the defendants guilty notwithstanding a reasonable doubt as to either of such facts. The instruction is not subject to the criticism, since the requirement that the evidence should satisfy the jury, beyond a reasonable doubt, of the defendants' guilt necessarily included proof of their identity and their presence at the commission of the crime.

The judgment is affirmed. *Judgment affirmed.*