People of the State of Illinois, Appellee, v. Thermon Carter, Alias Thurmon Carter, Alias Paul Poe, Appellant.

Gen. No. 66–107.

Third District.

February 2, 1968.

Larry M. Leiken, of Peoria, for appellant.

George R. Kennedy, State's Attorney, of Peoria, for appellee.

HOFFMAN, J.

Plaintiff in error and his codefendant, one William Wilson, Jr., in March, 1956, were convicted by a jury of the crime of robbery with a dangerous weapon and for being habitual criminals. Plaintiff in error was sentenced to life imprisonment. This writ of error seeks reversal on several grounds.

The first ground for reversal is based upon the admission into evidence of certain articles identified as having been taken from the victims, which were obtained by the authorities from Wilson's car. The search of Wilson's car was made at the time of his arrest, and with his consent. Plaintiff in error wasn't present. Plaintiff in error never claimed any proprietary or possessory interest in the Wilson automobile or the articles seized. At no time after the seizure of these articles, including the trial, did plaintiff in error make any motion to suppress this evidence.

Although it has been held in Jones v. United States, 362 US 257, followed by our Supreme Court in People v. DeFilippis, 34 Ill2d 129, 214 NE2d 897, that an accused does not lack standing to object to the constitutionality of a search and seizure merely because he fails to allege the requisite proprietary or possessory interest in the articles seized, it was not held in either case, nor do we find any authority anywhere to suggest, that a defendant has standing to object if he has no possessory interest in the premises or property searched.

On the contrary, it has been consistently held in the federal courts as well as our courts, that unless the illegal search and seizure infringed upon an accused's own personal rights he was held to have no standing to prevent the admission of the evidence. Goldstein v. United States, 316 US 114; People v. DeFilippis, supra. And in the Jones case, supra, at page 261, the United States Supreme Court stated:

> "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else. . . .
>
> "(I)t is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege . . . that he himself was the victim of an invasion of privacy . . ."

██ We, therefore, hold that the ruling of the trial court was proper, in view of the fact that plaintiff in error showed no infringement of his right to be free of unconstitutional searches and seizures.

Plaintiff in error next complains that his rights were erroneously prejudiced by the giving of certain jury instructions.

■ He first complains of People's Inst #7. Plaintiff in error argues that this instruction places a criminal defendant who testifies in a position inferior to other witnesses and cites People v. Munday, 280 Ill 32, 117 NE 286, in support of his contention. The Supreme Court in the Munday case held that a similar instruction should not have been given. However, in the instant case, as distinguished from the Munday case, the court gave an additional instruction on behalf of the plaintiff in error (Defendant's #9) which in our opinion cured any error created by the giving of People's #7, for it carefully and clearly told the jury that the same test of credibility and weight applied to the defendant's testimony as it did to all other witnesses. See People v. Bruce, 344 Ill App 114, 100 NE2d 350.

■ Plaintiff in error next complains of the giving of People's Inst #30 which told the jury that the exclusive unexplained possession of stolen property soon after a theft may be considered as tending to prove the guilt of the person in whose possession it was found. It is claimed by plaintiff in error that he was prejudiced because he was tried as an accomplice of Wilson (the defendant in whose auto the property was found), that Wilson, in fact, explained his possession of said property, and that, therefore, the giving of such instruction prejudiced plaintiff in error. Although there is authority holding that the giving of such instruction is error, we find here, from a review of the whole record, that Wilson's explanations were so contradictory, so inherently unbelievable and so equivocal as to take the giving of this instruction from the rule. We hold that it wasn't error, under such facts, to have given the instruction in this case.

■ ■ The plaintiff in error next contends that he wasn't identified by the victims beyond a reasonable

384

doubt. He argues that conditions at the time of the alleged theft were not conducive to a clear identification; that the lineup was ineffective; and that the victims' testimony was, at best, vague and uncertain. In this situation the rule to be applied is set forth in People v. Brengettsy, 25 Ill2d 228, 184 NE2d 849, at page 231, where it was stated that "The sufficiency of the identification was a question of fact for the jury, and this court will not reverse unless the testimony is so unsatisfactory as to leave a reasonable doubt as to the guilt of the accused. . . ."

We have carefully examined the abstract references to the identification testimony referred to by plaintiff in error and have reviewed all of this testimony. From it we find that the victims positively and without any indicated doubt identified the plaintiff in error as one of the men who was in their home. This testimony was substantiated by Frank Jackson, one of the accomplices. It cannot be said that there was any reasonable doubt as to the identification of the plaintiff in error.

██ Finally, plaintiff in error contends that he was prejudiced by being asked by the State's Attorney upon his cross-examination of the plaintiff in error whether or not he was connected with a Chicago political organization. An objection to this question was sustained. Whether or not such an extraneous question is so improper as to require reversal primarily rests with the trial judge who is in a position to weigh the probable impact upon the jurors. People v. Campbell, 234 Ill 391, 84 NE 1035. And, the test of prejudice is whether or not the statement is calculated to produce a result which otherwise would not have been reached. Gallagher v. People, 211 Ill 158, 71 NE 842. Plaintiff in error makes no showing that the result "otherwise would not have been reached," and it seems unrealistic to us, upon the review of all the evidence, that such would have happened. The cases cited by plaintiff in error, People v. Lewis, 313 Ill

312, 145 NE 149, and People v. Sanders, 357 Ill 610, 192 NE 697, contained extraneous questions far beyond that in the present case and are not applicable on their facts.

█ In our opinion, from a review of the whole record, the defendant was properly convicted beyond a reasonable doubt and without prejudicial error. Accordingly, the judgment of conviction will be affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.