People of the State of Illinois, Appellee, v. Eugene Luther Hazen, Defendant-Appellant.

Gen. No. 68-4.

Fifth District.

January 20, 1969.

Robert H. Rice, of East St. Louis, for appellant.

Joseph W. Hickman, State's Attorney of Franklin County, of Benton, for appellee.

EBERSPACHER, J.

The defendant, Eugene Luther Hazen, was indicted upon the charge of Theft of Property in excess of $150

in value. The case was tried before a jury which returned a verdict finding the defendant guilty. The defendant has appealed from the judgment upon that verdict.

The nature of alleged errors, as well as the result that we reach, does not require that we summarize the testimony. It is sufficient to note the defense presented by the defendant was alibi. The defendant sought to establish that on the day of the alleged offense he was in the states of Florida and Georgia and could not have possibly committed the theft alleged to have occurred in Benton, Franklin County, Illinois.

In his effort to reverse the conviction the defendant alleges that the Court erred in giving two instructions, its refusal to give another instruction and the admission of certain testimony.

■ The first instruction complained of by the defendant is People's Instruction No. 5, which provided as follows:

> "It is not necessary that the jury believe that every incriminating fact or circumstance in evidence before them has been proved beyond a reasonable doubt, but that it is sufficient if the jury believe from the evidence in the case that every material allegation in the indictment in manner and form as charged therein has been proved beyond a reasonable doubt."

This same instruction was given in People v. Berne, 384 Ill 334, 51 NE2d 578 (1944) and resulted in the Supreme Court's reversal of the conviction. The Court concluded in the Berne case:

> "That such an instruction is erroneous has been consistently followed since the rule was first announced. . . . It is thoroughly established it is reversible error to give instructions which tell the jury it may consider proof of guilt established beyond

reasonable doubt if the jury believes the material allegations in the indictment have been proved, unless there is an instruction defining the material allegations of the indictment." (384 Ill 339–340.)

In the present case there was no instruction given to the jury defining the material allegations of the indictment.

■■ In response to the allegation of error the People have argued that the defendant made an insufficient objection at the instruction conference and that the defendant made the same error by tendering and the Court giving an instruction which also referred to the material allegations of the indictment without defining them. Both of the arguments are without merit. Our examination of the record of the instruction conference reveals that the defendant objected on the grounds that the instruction was misleading and was an incorrect statement of the law. The fact that the defendant further stated that this would be a good instruction if it were reworded does not diminish the sufficiency of the objection. The error is not in the instruction itself, but the failure to give a second or additional instruction stating what the "material allegations" were. By the same token the error is not cured by the defendant making the same error. Accordingly, the conviction must be reversed.

Inasmuch as our decision will require a new trial of this cause we shall comment briefly on the remaining allegations of error in order to prevent their reoccurrence at a second trial.

■ On the question of alibi the following instruction was given:

"The Court instructs the jury that where an alibi is relied on as a defense in order to maintain it, it is incumbent on the defendant to support it by such facts and circumstances as are sufficient when con-

401

sidered in connection with all the other evidence in the case to create in the minds of the jury a reasonable doubt of the truth of the charge against the defendant."

Alibi instructions have been particularly bothersome and have led to a multitude of reversals. (See the cases collected in People v. Pearson, 19 Ill2d 609, 169 NE2d 252 (1960).) In the instant case it is our opinion that the language used in the instruction, particularly the phrase ". . . in order to maintain it, it is incumbent on the defendant . . ." speaks in the language of burden of proof and runs counter to the basic notion that the defendant's guilt must be established beyond a reasonable doubt. People v. Fisher, 295 Ill 250, 260, 129 NE 196 (1920) ; People v. Pearson, supra.

We further note that the Illinois pattern instructions in criminal cases which became effective January 1, 1969, pursuant to Supreme Court Rule 451, do not contain an alibi instruction and contain a Committee recommendation that no instruction be given on the subject. Illinois Pattern Jury Instructions—Criminal, section 24.05.

We see no need in passing on the instruction refused by the Court which also pertained to alibi.

■■■ The last allegation of error raised by the defendant has to do with the admission of certain testimony. During the People's evidence a law enforcement officer was permitted to testify, over objection, as to the contents of a radio message he received immediately prior to his arrest of the defendant. The same officer further testified as to his conversation with another law enforcement officer concerning the identity of the defendant. The second officer later testified that the complaining witness upon viewing the defendant after his arrest nodded his head in response to a prearranged signal which related to the identity of the defendant.

Such evidence is clearly hearsay and should not be permitted at any new trial that may be had in this cause. People v. Wright, 65 Ill App2d 23, 212 NE2d 126 (1965); People v. Harrison, 25 Ill2d 407, 185 NE2d 244 (1962).

The judgment of the Circuit Court of Franklin County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

GOLDENHERSH and MORAN, JJ., concur.