**People of the State of Illinois, Plaintiff-Appellee, v. L. B. Thompson (Impleaded), Defendant-Appellant.**

**Gen. No. 54,330.**

First District, Third Division.

September 3, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Michael Weininger and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Anthony M. Montemurro, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant L. B. Thompson, along with Andrew Jackson, was charged with armed robbery. After a jury trial, both men were found guilty of that charge and defendant Thompson was sentenced to a term of 3 to 6 years in the penitentiary. Defendant Thompson alone appeals, contending that he was not proved guilty beyond a reasonable doubt; that the trial court erred in refusing to examine the State's file to see if it contained the statement of a witness; and that the court committed prejudicial error by allowing certain hearsay testimony into evidence.

On Sunday June 30, 1968 at about 4:15 p. m., Michael Lynch was robbed by two men in the hallway of a building located at 936 West 14th Street in Chicago. Lynch testified that one man got on each side of him, and told him that if he didn't shout, they wouldn't hurt him. Lynch identified defendant and Jackson as his robbers, and testified that defendant held a long knife on him. His wallet was taken, but Lynch did not know which person took it, nor did he remember the month, date and year that the robbery took place. Lynch left home that morning with money to shop in the Maxwell Street area, but did not have any money when he met the robbers. He also testified that he had no reason to enter the building in question, and did not know anyone there; he just walked in.

Two Chicago police officers testified that they were on duty when a young boy, described by one of the officers as being between 8 and 10 years of age, told them that a man was being robbed in a hallway, and led them to the building. As they entered the hallway, they observed defendant and Jackson on either side of Lynch. Defendant was holding a knife and also had the victim's wallet in his hand. When he saw the police, defendant dropped the wallet and knife, and attempted to walk away, but was apprehended by two police officers along with several other police officers who came to the scene.

Defendant and Jackson presented no witnesses in their behalf, and neither of them testified at the trial.

Defendant contends that he was not proved guilty beyond a reasonable doubt, arguing that Lynch's testimony was incredible.

██ The credibility of witnesses is a matter for determination by the triers of fact with their superior opportunity not only to hear the testimony of the witnesses but to observe their demeanor on the stand, and their judgment will not be disturbed upon review unless the evidence is so improbable or unsatisfactory as to create a reasonable doubt of defendant's guilt. People v. Jackson, 28 Ill2d 566, 192 NE2d 873 (1963).

██ In the instant case, the State proved that defendant robbed Lynch and that the crime was witnessed by two officers of the Chicago Police Department. Although Lynch was vague as to certain details of the robbery, we cannot agree that his testimony was incredible. He positively identified defendant and Jackson as his robbers, and further identified defendant as the man who held the knife on him. Moreover, the testimony of the two police officers was clear, positive and convincing. The officers apprehended defendant during the commission of the robbery, and while he was in possession of the

victim's property. We find that defendant was proved guilty beyond a reasonable doubt.

Defendant also contends that the trial court erred in refusing to examine the State's file to see if it contained a statement made by the victim to the police.

After Lynch completed his testimony, defense counsel requested that he be furnished the Grand Jury minutes of Lynch's testimony plus any pertinent police reports. The assistant State's Attorney provided the Grand Jury minutes to defense counsel, but informed counsel and subsequently the trial judge that Lynch had not given a statement to the police. The State also indicated that it had no objection to the court looking at its file. However, the judge stated that he had no reason to disbelieve the State's representation, and told defense counsel that since there were no reports, they could not be given to the defense. After the judge made this statement, the assistant State's Attorney said that he had only his work product and the Grand Jury testimony, and the trial proceeded.

■■■■ A defendant is entitled to the production of statements and reports of witnesses made prior to trial. However, before production of a statement must be ordered by the trial court, the defense has to make a preliminary showing as to the existence of such a statement. People v. Golson, 37 Ill2d 419, 226 NE2d 610 (1967). And where the defense fails to interrogate the police regarding the statement, the mere unverified statement of defense counsel in colloquy during the course of trial is not sufficient to establish the existence of a prior written statement. People v. Durso, 40 Ill2d 242, 239 NE 2d 842 (1968).

■■■ In the case at bar, defendant failed to lay any foundation as to the existence of a prior statement by Lynch. Neither Lynch nor the police officers testified as to any such statement, and the defense offered no evidence in support of its existence. The prosecutor stated

unequivocally both to defense counsel and to the trial court that no such statement existed, and we do not believe that his subsequent reference to work product implied the existence of a statement. For these reasons, the trial court did not err in refusing to examine the State's file. Cases cited by defendant for the proposition that statements must be furnished to the defense all involve factual situations where it was shown that the State had possession of such statements.

Defendant next argues that the court committed prejudicial error by allowing certain hearsay testimony into evidence.

Over objections by defendant, the two police officers were permitted to testify that they were told that a man was being robbed in a nearby hallway. In closing argument, the prosecutor mentioned that the police officer had testified that he was informed by a boy that a robbery was in progress. No objection was made by defendant to that comment.

■ ■ We agree with defendant that the testimony in question was hearsay and should not have been admitted into evidence. However, we are not persuaded that the testimony was prejudicial to defendant in view of the overwhelming proof of his guilt. In Chapman v. California, 386 US 18 (1967), the United States Supreme Court held that, while there are some constitutional rights so basic to a fair trial that their violation could never be treated as harmless errors, not all such trial errors call for reversal. In Harrington v. California, 395 US 250 (1969), the court reaffirmed the Chapman rule. In Harrington, confessions implicating Harrington made by two codefendants who did not testify were introduced into evidence. Several eyewitnesses had placed Harrington at the scene of the murder, and Harrington himself had made a statement admitting his presence at the crime. The court held that the introduction of the confessions of

425

the two codefendants who did not testify was error, but went on to rule that in view of the overwhelming evidence of Harrington's guilt, it was harmless error.

Similarly in the case at bar, defendant was caught during the commission of a robbery, and was identified by three eyewitnesses. In light of the overwhelming evidence of his guilt, we conclude that under the facts and circumstances of this case, the introduction of the cumulative hearsay testimony constituted harmless error. As to the comment by the prosecutor in closing argument that the police officer had been informed by a boy that a robbery was in progress, no objection was made by defendant, and he cannot now complain. Moreover the prosecutor did not place undue emphasis on the comment, and we do not believe it to have been unduly prejudicial to defendant.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.