(No. 42093.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DARRELL LUCAS, Appellant.

*Opinion filed April 1, 1971.*

Underwood, C.J., concurring.

Morton Zwick, Director of Defender Project, of Chicago, (Theodore A. Gottfried and Bruce Stratton, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Robert S. Calkins, State's Attorney, of Peoria, (Thomas J. Immel and Fred G. Leach, Assistant Attorneys General, and Roland N. Litterst, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Davis delivered the opinion of the court:

The defendant, Darrell Lucas, was found guilty of attempted burglary by a jury in the circuit court of Peoria County, and was sentenced to the penitentiary for a term of not less than 10 nor more than 12 years. He filed a *pro se* petition under the Post-Conviction Hearing Act. Counsel was appointed on his behalf and an amended petition was filed. The State answered the petition and a full evidentiary hearing was held, after which the court denied the amended petition on the ground that the petitioner had shown no violation of his constitutional rights. This appeal followed.

The defendant's conviction was affirmed by the Appellate Court (*People* v. *Whittles*, 93 Ill. App. 2d 419). At the original trial, neither the defendant nor his codefendant, Whittles, testified.

Three police officers in a squad car observed the defend-

ants on the top of a store building and apprehended them at this site. After advising them of their rights, the officers questioned them regarding their conduct and presence on the top of the building. Although there was some conflict in the record relative to how the defendant responded to the police officers' questions, there was no doubt that he heard his codefendant, Whittles, say that "they were going to get some TV sets." The testimony of the police officers indicated that the defendant, in response to, or in conjunction with, the statement of Whittles, said, "Yeah." The record is clear that after hearing Whittles's statement, the defendant did not deny it. The officers also testified that Whittles volunteered: "I guess this would have been a good night not to have gone up there," and that the defendant said: "I guess."

The issues in this case are: whether the admission into evidence of the inculpatory statements of the co-defendant, which were made in the presence of the defendant and without his objection, constituted a violation of his constitutional right to confront his accuser and cross-examine him; and, if so, did such circumstance require a reversal of his conviction?

The defendant has cited United States Supreme Court decisions beginning with *Pointer* v. *Texas,* 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065, and ending with *Bruton* v. *United States,* 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620, which construed the sixth amendment right of confrontation and made the Federal guarantee applicable to the States under the fourteenth amendment. In general, these cases all concern the violation of a defendant's right to confrontation by the denial of his right of cross-examination in open court of the witnesses whose statements were inculpatory of him. However, the factual circumstances of these cases vary greatly from those in the case at bar.

Federal cases have indicated and held that a constitutional error might be harmless. In *Fahy* v. *Connecticut,* 375 U.S. 85, 11 L. Ed. 2d 171, 84 S. Ct. 229, the court held

that the erroneous admission of evidence, unconstitutionally obtained, at the defendant's trial, was prejudicial and not harmless error. After reviewing the factual circumstances, at pages 91 and 92, the court stated:

"From the foregoing it clearly appears that the erroneous admission of this illegally obtained evidence was prejudicial to the petitioner and hence it cannot be called harmless error."

Thus, the court suggested that a constitutional error might be harmless.

In *Chapman* v. *California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, the prosecution commented at length on the defendant's failure to testify. Such comment had already been held unconstitutional in *Griffin* v. *California,* 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229, as a violation of the defendant's privilege against incrimination. In Chapman, at pages 21 and 22, the court stated: "Whether a conviction for crime should stand when a State has failed to accord federal constitutionally guaranteed rights is every bit as much of a federal question as what particular federal constitutional provisions themselves mean, what they guarantee, and whether they have been denied. With faithfulness to the constitutional union of the States, we cannot leave to the States the formulation of the authoritative laws, rules, and remedies designed to protect people from infractions by the States of federally guaranteed rights. We have no hesitation in saying that the right of these petitioners not to be punished for exercising their Fifth and Fourteenth Amendment right to be silent—expressly created by the Federal Constitution itself—is a federal right which, in the absence of appropriate congressional action, it is our responsibility to protect by fashioning the necessary rule. We are urged by petitioners to hold that all federal constitutional errors, regardless of the facts and circumstances, must always be deemed harmful. Such a holding, as petitioners correctly point out, would require an automatic reversal of their con-

victions and make further discussion unnecessary. We decline to adopt any such rule." In referring to its approach to the harmless error problem taken in *Fahy* v. *Connecticut,* the court stated at page 24: "Certainly error, constitutional error, in illegally admitting highly prejudicial evidence or comments, casts on someone other than the person prejudiced by it a burden to show that it was harmless. It is for that reason that the original common-law harmless-error rule put the burden on the beneficiary of the error either to prove that there was no injury or to suffer a reversal of his erroneously obtained judgment. There is little, if any, difference between our statement in Fahy v. Connecticut about 'whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction' and requiring the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. We, therefore, do no more than adhere to the meaning of our Fahy Case when we hold, as we now do, that *before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."* (Emphasis ours.)

In *Harrington* v. *California,* 395 U.S. 250, 23 L. Ed. 2d 284, 89 S. Ct. 1726, it was held that although the use of confessions by codefendants who did not testify amounted to a denial of the petitioner's constitutional right of confrontation, the evidence supplied through confessions was merely cumulative, and the other evidence against the petitioner was so overwhelming that the court could conclude beyond a reasonable doubt that the denial of the petitioner's constitutional rights constituted harmless error.

It is evident from the record that the co-defendant's inculpatory statement was not the crucial or persuasive evidence which convicted the defendant. The indictment charged, among other things, that the defendants "pried a hole in the roof of a building with intent to commit the of-

fense of burglary by entering the building with intent to commit a theft therein." The defendant and Whittles were observed in the act of the attempted burglary and apprehended at the site. The defendant was wearing gloves and had a pair of wire clippers in his pocket. Shingles had been torn from the roof which was partially opened, and a claw hammer was still inserted in the plywood. Other tools were found on the roof. Five eyewitnesses testified relative to the activities of the defendants and the physical evidence found at the scene. Both the defendant and Whittles were found guilty by a jury and, on appeal, this judgment was affirmed. The defendants did not deny that the occurrence took place, but claimed that they were drunk at the time. Three witnesses testified as to their intoxication and three as to their sobriety.

It is significant that the evidence supplied by the inculpatory statements of the defendant was cumulative in nature, while the other evidence against the defendant was of such overwhelming force and persuasiveness as to adequately support his conviction. Thus, any violation of the *Bruton* rule (*Bruton* v. *United States,* 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620), in the admission of Whittles's inculpatory statements in evidence, was harmless error beyond a reasonable doubt. (*Chapman* v. *California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) While some of our prior decisions involving constitutional error have used language not identical with that used in *Chapman,* and other opinions have used the *Chapman* expression, we hereby adopt the language of *Chapman* as the rule applicable to errors of constitutional dimensions.

Accordingly, the judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE UNDERWOOD, concurring:

This was a pre-*Miranda* trial, and, regardless of the post-*Miranda* status of the tacit admission rule, that rule was in effect in Illinois at the time of this trial. The evidence

in this case, in its aspect most favorable to defendant, was that he did not deny the inculpatory statements made by Whittles in defendant's presence. The then controlling tacit admission rule permitted proof of those facts, and I consider that rule dispositive of this case. *People* v. *Aughinbaugh,* 36 Ill.2d 320.

On that ground, I concur in the judgment. The majority's further conclusion that, considering the totality of the evidence, any violation of the *Bruton* rule was harmless error, is, in my opinion, unnecessary. I find no such violation in the facts of this case, and to the extent that the majority opinion may be thought to indicate the contrary, I respectfully disagree.