THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE LEE *et al.*, Defendants-Appellants.

(No. 54741, 54767 cons.;

First District—June 28, 1971.

*Rehearing denied July 26, 1971.*

Gerald W. Getty, Public Defender, of Chicago, (Mary Cahill and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

A jury found defendants Jimmie Lee and Tamous Willis guilty of armed robbery. The court sentenced them to a term of nine to twenty years. Their appeals have been consolidated and one brief has been filed, raising a single contention in behalf of both defendants.

At trial, defendants were identified by three eyewitnesses. No point is raised concerning the validity of any of these identifications or the weight of the evidence of guilt beyond reasonable doubt. Defendants complain only that three additional witnesses, who made in-court identifications, never identified them "at a properly conducted pre-trial confrontation." The robbery took place on January 27, 1969, and the trial commenced September 23, 1969. The record shows that there was no confrontation of any kind between the defendants and any of the three challenged eyewitnesses prior to the in-court identification.

Under these circumstances, we cannot properly reach and decide the novel proposition advanced by defendants. The evidence of these three eyewitnesses to which defendants object can only be classified as cumulative. Even if the objection were held to have merit, any error in admission of the evidence must be classified as harmless. It is patent here that the error, if there was one, did not contribute to the verdict of guilty. That is, "the erroneously admitted evidence did not prove an element of the crime not established by other properly admitted evidence." (*People v. Landgham*, 122 Ill.App.2d 9 at 24. See also *People v. Thompson*, 128 Ill. App.2d 420, 426 and *People v. Rush*, 126 Ill.App.2d 136, 142.) These decisions by this court are predicated upon and follow decisions by the United States Supreme Court. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, and *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726.

It is our considered opinion that the error complained of is harmless under virtually any standard. The dissent in *Harrington* urged that appellate tribunals should, "* * * appraise the impact of tainted evidence on a jury's decision * * *" and that the focus of this inquiry should be not only on the amount of untainted evidence but also, "* * * on the character and quality of the tainted evidence as it relates to the untainted evidence * * *." (*Harrington v. California*, 395 U.S. 250 at 256.) Even if this extreme view were to be applied, the result must still necessarily follow that the strictly cumulative quality of the allegedly tainted evidence, as contrasted to the unassailed and admittedly proper and decisive character of the remaining identifications, demonstrates that the rights of these defendants were not prejudiced in the slightest degree. In other words, even if it was error for the court to permit the jury to hear the cumulative testimony of the three additional eyewitnesses, we

are able to declare a firm and abiding belief that such error was harmless beyond a reasonable doubt. See *People v. Lucas*, 48 Ill.2d 158, 162.

We note particularly that the assailed evidence is strictly cumulative in a number of the cases which support this opinion, precisely as in the case at bar. *People v. Lucas*, 48 Ill.2d 158, 163; *People v. Rosochacki*, 41 Ill.2d 483, 494; *People v. Rhodes*, 41 Ill.2d 494, 500; *People v. Thompson*, 128 Ill.App.2d 420, 426, and *People v. Landgham*, 122 Ill.App.2d 9, 24.

We hold that under the facts and circumstances disclosed by this record, where defendants do not question their positive in-court identification by three eyewitnesses, defendants may not object to cumulative identification by three additional eyewitnesses on the sole ground that these additional witnesses never identified defendants at any pre-trial confrontation.

Both judgments of conviction, therefore, should be and they are affirmed.

Judgments affirmed.

BURKE, P. J., and LYONS, J., concur.