THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GUS ODELL LAURRY *et al.,* Defendants-Appellants.

(No. 56183; ■■■■■■■■■)

First District—May 3, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Murray Phillip Unger, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendants, Gus Odell Laurry and Willie Summer, were indicted on a charge of armed robbery. After a trial by jury, they were convicted and each was sentenced to serve five to fifteen years in the penitentiary.

On appeal, the defendants contend (1) the contents of a police radio communication stating "robbery in progress" was erroneously admitted into evidence, (2) remarks of the trial judge during the closing argument of the defense prejudiced them and invaded the fact finding responsibility of the jury; and (3) attempted cross-examination of a defense witness concerning possible immoral conduct on the part of Willie Summer denied him a fair trial.

Even though the defendants do not question the sufficiency of the evidence to sustain the conviction, it is necessary to briefly set forth the facts in order to place the contentions in a proper perspective. Sometime between 1:00 A.M. and 2:00 A.M. on July 21, 1969, Molli Todd and Kenneth Taylor were returning to their homes after a date in downtown Chicago. As they were walking in a southerly direction on Pulaski Avenue, they passed and greeted the defendant, Gus Laurry, whom they had seen about the neighborhood. They continued walking and then turned east onto 19th Street. After walking a short distance, a man ran in front of them and forced them at gunpoint into an alley and then into a gangway. As the robber was taking money, a wristwatch, and three rings, he was joined by a second person. The second man struck Taylor on the head with a board, and the initial assailant forced Miss Todd down the alley. The two robbers fled upon the arrival of the police. Willie Summer at the time of his arrest was wearing one of the rings taken in the robbery. On August 13, 1969, both Taylor and Miss Todd identified the two defendants from a lineup. At trial, Willie Summer was identified as the man who forced Taylor and Miss Todd into the alley, and Gus Laurry was identified as the other man.

■■ The defendants first contend that the trial judge erroneously admitted testimony concerning the contents of a police radio communication. Raymond Glemke of the Chicago Police Department was called as a witness for the defense. On cross-examination, Officer Glemke testified that he received a message over the air directing him to 3956 19th Street. He was then asked, "What was the message over the air?" and he responded, "Robbery in progress." This testimony was admitted over objection. It was hearsay and should not have been received into evidence. (*People v. Thompson*, 128 Ill.App.2d 420, 263 N.E.2d 124, *People v. Hazen*, 104 Ill.App.2d 398, 244 N.E.2d 424.) The erroneous admission of evidence does not necessarily constitute reversible error as is pointed out in *People v. Pelkola*, 19 Ill.2d 156 at 162—3, 166 N.E.2d 54 at 58:

> "Error in the admission of evidence is harmless where the facts involved are established by other competent evidence, [citations] particularly where such other evidence is conclusive of the issue of the guilt of the accused [citations]. Again we have said that whether the admission of incompetent evidence is sufficient ground to require reversal depends on the facts of each case, [citations] and have held that where the record contains sufficient competent evidence to establish the guilt of the defendant beyond reasonable doubt, the judgment will not be reversed for error in admitting evidence unless it can be seen that the error is prejudicial. [Citations.]"

■■ The statement "Robbery in progress" in the instant case tends to

show that a robbery actually occurred. The fact of the robbery, however, was clearly demonstrated without contradiction from the defendants by the testimony of the two victims. Both Molli Todd and Kenneth Taylor testified to the facts and circumstances of the robbery, and both were available for full and complete cross-examination. The erroneously admitted evidence showed only that which had been established by other competent evidence, and its admission did not prejudice the defendants. See: *People v. Davis*, 46 Ill.2d 554, 264 N.E.2d 140, *People v. Grundeis*, 413 Ill. 145, 108 N.E.2d 483, *People v. Thompson*, 128 Ill.App. 2d 420, 263 N.E.2d 124.

■■ The defendants next contend that they were denied a fair trial when the trial judge invaded the province of the jury and made a prejudicial finding of fact; which finding was incorrect. During the closing argument of defense counsel the following exchange occurred:

"Mr. Bloom [Assistant Public Defender]: * * * You have to be able to say without qualification or without hesitation that both of these men were the individuals that committed that crime that evening in that dark alley.

Mr. DiVito [Assistant State's Attorney]: Objection, your Honor, there is no showing that the alley was dark.

Mr. Bloom: There were no lights in the alley at that time.

Mr. DiVito: Objection.

The Court: Sustained.

Mr. DiVito: It is not true.

The Court: The jurors heard the testimony, the evidence. According to the testimony there was a light in the gangway, but there was no light in the alley itself.

Mr. Bloom: I will leave that up to you, if there was a light in there then I will accept that premise without arguing with you."

The argument of defense counsel that the crime was committed in a dark alley was not based upon evidence introduced at trial. On direct examination Miss Todd testified that after the robbery she was forced to walk to an alley with Summer, "and it was a bright alley." When asked on cross-examination whether the alley was dark she replied, "There was a light on in the building or on the street was shining to where we were [in the gangway]." The trial judge, in explaining his reason for sustaining the objection to defense counsel's argument, stated that there was a light in the gangway, but no light in the alley. The record shows that the gangway was illuminated. Any inaccuracy in the judge's statement with reference to the lack of light in the alley could only operate to the benefit of the defendant and was not prejudicial. Moreover, it must be noted that the trial judge carefully instructed the jury that he did not

intend to indicate any opinion as to the facts by his remarks and rulings.

In *Briggs v. People,* 219 Ill. 330, 76 N.E. 499, relied upon by the defendant, the accused was convicted of murder and sentenced to death. The trial judge in his remarks on overruling an objection by the defense indicated to the jury that the evidence in his belief proved that it was the accused who fled from the scene of the crime. The Court held that this indirect expression of belief by the trial judge as to the identity of the killer, in the presence of the jury, constituted reversible error. No such factual situation exists here.

Willie Summer finally contends that he was denied a fair trial when the prosecutor attempted to elicit evidence of his prior immoral conduct during the cross-examination of a defense witness. Summer's possession of the stolen ring was explained at trial by Patsy Tidwell who testified that she found the ring on the street some nine days after the robbery and then gave it to Summer because it was a man's ring. During cross-examination of Patsy Tidwell, it was brought out that she was the mother of a child. Immediately thereafter followed a series of questions which were allegedly prejudicial. It is urged that "The clear implication of the prosecutor's questioning was that the defendant Summer had engaged in illicit sexual relations and these relations had resulted in the birth of an illegitimate child." The entire series consisted of six questions. Three of these concerned the closeness of the friendship between the witness and Summer.

■■■ Improper questions were posed concerning the marital status of that witness and the age and paternity of the child. Objections were raised and sustained to all of these questions, and the jury was specifically directed to disregard the question which was not answered concerning the paternity of the child. The posing by the prosecutor of improper or extraneous questions is not necessarily so prejudicial as to warrant a reversal. (*People v. Izzo,* 14 Ill.2d 203, 151 N.E.2d 329, *People v. Carter,* 91 Ill.App.2d 380, 234 N.E.2d 53.) As the Supreme Court pointed out in *People v. Campbell,* 234 Ill. 391, at 396—7, 84 N.E. 1035 at 1038:

"In the hurried work of a trial, counsel might, by mistake, ask improper questions, and even if done from an improper motive it would not necessarily reverse the case. No absolute rule can be laid down as to the conduct of the prosecuting attorney. The matter is one which must necessarily be entrusted largely to the discretion of the presiding judge."

Where the defendant has been proven guilty beyond all reasonable doubt by competent evidence, a reviewing court will not overturn the verdict of a jury because of improper but unanswered inquiries where objections have been made and sustained unless the conduct of the

prosecutor has been so prejudicial that even after the objection, it could reasonably be said that the conduct produced a result which otherwise would not have been reached. *People v. Gambony,* 402 Ill. 74, 83 N.E.2d 321.

In the instant case, the evidence of defendant's guilt was overwhelming. Each defendant was positively identified first at a lineup and then at trial by both of the victims. Summer was wearing the ring taken at the robbery at the time of his arrest. In view of the evidence, we cannot say the questions posed warrant a reversal. See: *Schroeder v. People,* 196 Ill. 211, 63 N.E. 678.

The evidence presented at trial proved the defendants guilty beyond all reasonable doubt, and the record is free of prejudicial error. The defendants were given a fair and impartial trial, and the judgment of the Circuit Court is accordingly affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.