Jimmy O. WOOTEN

v.

UNITED STATES of America.

Civ. A. No. 5420.

United States District Court
E. D. Tennessee, S. D.

Jan. 29, 1969.

Carter H. Schoolfield, Chattanooga, Tenn., for petitioner.

J. H. Reddy, Chattanooga, Tenn., for respondent.

## OPINION

FRANK W. WILSON, District Judge.

This is a post-conviction proceeding brought pursuant to § 2255, Title 28 U. S.C. By this action the petitioner, Jimmy O. Wooten, seeks to set aside a conviction and sentence in the criminal case of United States of America v. Jimmy Otis Wooten, Criminal Docket No. 12,-117. More specifically, the present petition is directed toward the petitioner's conviction and sentence upon Counts Six and Eight in the said criminal proceedings. The case is before the Court upon the petitioner's complaint and the government's response thereto. The single ground raised in the complaint as the basis for attacking the legality of the petitioner's aforesaid conviction is that the petitioner's Sixth Amendment right to confront and cross-examine witnesses was violated in the course of his criminal trial. The petitioner relies in this regard upon the recent cases of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (decided May 10, 1968) and Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (decided June 10, 1968).

As the present petition is predicated entirely upon the record made upon the criminal trial in Docket No. 12,117, no evidentiary hearing will be necessary. Rather, the Court may proceed to decide the case upon the allegations of the complaint, the government's response thereto, and the record upon the criminal trial. That record reflects the following matters: Upon October 26, 1964, the petitioner, Jimmy O. Wooten, along with four other individuals, was indicted upon an 8-count indictment. The first count charged a conspiracy on the part of the petitioner and his co-defendants to violate the National Motor Vehicle Theft Act (18 U.S.C. § 371). The remaining seven counts charge the various defendants with substantive violations of the National Motor Vehicle Theft Act (18 U.S.C. §§ 2312–13). The petitioner was charged with substantive violations in Counts Two, Four, Six and Eight, with Counts Three, Five and Seven relating only to other defendants.

The initial trial of the criminal case was commenced upon February 26, 1965, but on the second day of the trial a mistrial was granted due to two jurors having read a newspaper account of the trial in which it was stated that Mr. Wooten had been tried in another federal court upon similar charges, but had been acquitted on a "technicality". The case was then retried upon March 26, thru March 31, 1965, the trial resulting in the petitioner being found guilty by the jury upon each of the counts of the indictment in which he was charged. Thereupon the petitioner was sentenced to imprisonment for five years on Count One and was sentenced to imprisonment for two years on each of Counts Two, Four, Six and Eight. The sentences were ordered to run consecutively. An appeal was perfected on behalf of the petitioner and he was released upon bail pending the appeal. A motion to revoke bond pending the appeal was filed by the government upon March 28, 1966. The petitioner failed to appear in response to a show cause order on this mo-

tion and his bond was revoked. However, the petitioner was not taken into custody until after his bond had been forfeited and he was arrested upon another charge in another jurisdiction. Meanwhile, the petitioner's appeal was dismissed by the Court of Appeals upon April 28, 1966. The petitioner was eventually taken into custody upon May 19, 1966, and commenced serving the sentences now under attack. It appears that a petition for certiorari may have been filed with the United States Supreme Court, but, if so, the same was denied. The next proceeding in the case was upon January 9, 1968, when the petitioner filed a motion for modification of his sentence. This motion was denied. The present petition is the first petition for post-conviction relief filed by the petitioner. As noted, the relief sought herein is limited to the petitioner's convictions upon Counts Six and Eight of the indictment. Count Six charges the petitioner with having received and concealed a 1963 Chevrolet Impalla which was traveling in interstate commerce, knowing the same to have been stolen. Count Eight charges the petitioner with having received and concealed a 1961 Ford Galaxie which was traveling in interstate commerce, knowing the same to have been stolen.

The transcript of the record upon the criminal trial reflects that there was received into evidence upon the trial out-of-court statements made by two of the co-defendants, Marie Estep and Robert Ward. Neither of these co-defendants took the stand and testified in the case. The petitioner accordingly contends that as held by the Supreme Court in the case of Bruton v. United States, 391 U. S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, his Sixth Amendment right to confront and cross-examine the witnesses Estep and Ward was violated by the admission of their out-of-court statements, even though the jury may have been instructed to consider such evidence only as it pertained to the defendants alleged to have made the statements and to disregard such evidence with respect to the petitioner. The petitioner also relies upon Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, wherein the decision in the *Bruton* case was made retroactive in its application.

Before considering whether the rule in the *Bruton* case would be applicable so as to entitle the petitioner to the relief which he seeks, a more careful examination of the record on the criminal trial must be made. In brief summary, the record upon that trial reflects that as a result of information received in regard to the theft of a 1962 Cadillac in Atlanta, Georgia, on the evening of October 4, 1964, six agents of the Federal Bureau of Investigation engaged in a surveillance of the defendant's automobile repair shop located at his home on Dalton Pike near Cleveland, Tennessee, on the morning of October 5, 1964. This surveillance commenced in the early morning hours and continued for some three or four hours. During this time the suspected Cadillac was observed being delivered to the petitioner's residence and the petitioner was observed inspecting it. During this surveillance three other stolen vehicles were also observed being delivered to the petitioner's home. The co-defendants were among those who made the deliveries. Thereupon the federal agents moved in and arrested the petitioner and his co-defendants. Each of the six federal agents who participated in the surveillance and in the arrest following the surveillance testified to these matters.

In addition, Special Agent Cook testified that co-defendant Marie Estep, after being duly advised of her rights, gave two conflicting statements as to her knowledge and participation in the delivery of the stolen automobiles. In each statement she denied any knowledge that the automobiles were stolen, but gave conflicting statements as to how she arrived at the Wooten residence and as to her acquaintance with her co-defendants (Tr., p. 211 et seq.). The statements by the defendant Estep did not implicate the petitioner beyond placing one of the stolen vehicles, the 1961 Ford Galaxie, at

the petitioner's residence. However, this fact was testified to from personal observation by each of the six federal agents who participated in the surveillance.

Another F.B.I. agent, Jack Murphree, in the course of his testimony stated that at the time of the arrest of the co-defendant, Robert Ward, and after he was duly advised of his rights, he stated that he had been paid $50.00 by an unidentified person to drive the 1961 Ford Galaxie from Atlanta, Georgia, to the petitioner's home (Tr., p. 303 et seq.). His statement did not otherwise implicate Wooten and, as noted above, the delivery of the automobile to the Wooten residence was observed by each of the six federal agents who testified in the case.

With respect to both the statement of Miss Estep and the statement of Mr. Ward, the jury was duly instructed that such evidence would be considered by them only with respect to the defendant alleged to have made it and would be wholly disregarded in their consideration of the case against the defendant Wooten.

 Upon this state of the record the Court is of the opinion that the admission of the out-of-court statements of the co-defendants Estep and Ward would not constitute reversible error under the decision in the *Bruton* case. As noted in the *Bruton* decision, "Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions * * *. It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information." Rather, such statements to constitute reversible error unavoidable through limiting instructions must, in the language of the *Bruton* case, be "powerfully incriminating" as they relate to the complaining defend-

ant. As noted above, not only did the statements of both co-defendants Estep and Ward implicate the petitioner Wooten in a very limited manner, by merely stating that they delivered a 1961 Ford automobile to his residence, but even as to that implication there was in the record the eye witness testimony of the six federal agents who observed the delivery of the vehicle to the Wooten residence. Accordingly, any error in the admission of these statements was at most harmless error beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

This same problem has been dealt with by the Court of Appeals of this Circuit in the recent case of United States v. Levinson, 405 F.2d 971 (decided December 30, 1968). After reviewing the *Bruton* decision, and noting its limitation to extrajudicial statements that are "powerfully incriminating," the following significant language appears:

"In view of the fact that Strang's statements added little, if anything, to a record replete with similar and corroborative evidence, it cannot be said that the cautionary instructions accompanying the admission into evidence of Strang's oral and written statements was insufficient to eliminate any possible prejudice to Franklin and Levinson. Furthermore, we conclude that the admission of such statements, even if it be considered error, was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, rehearing den. 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241."

The Court is of the opinion that the decision of the Court of Appeals for this Circuit in the *Levinson* case would be controlling upon the record made at the criminal trial here under attack. The present petition for relief under § 2255, Title 28 U.S.C., will accordingly be denied and an order will enter dismissing this lawsuit.