**Joseph Richard CLARK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23032.**

United States Court of Appeals
Ninth Circuit.

May 19, 1969.

J. Perry Langford (argued), of Langford, Langford & Lane, San Diego, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Joseph A. Milchen, Asst. U. S. Atty. (no appearance for argument), San Diego, Cal., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge:

Appellant Clark and a codefendant, Mary Ann Smith, were each charged in count one of an indictment with smuggling forty-five pounds of marihuana in violation of United States Code, Title 21, Section 176a, and in count two with smuggling amphetamine and cyclopal tablets in violation of Title 18, Section 545. Appellant's motion for acquittal was granted as to count two and he was convicted on count one. His codefendant was convicted of both charges.

On September 24, 1967, appellant drove a vehicle into the United States from Mexico at San Ysidro. A search of the vehicle revealed twenty packages of marihuana concealed in the vehicle. A personal search of codefendant Smith resulted in the discovery of amphetamine tablets, cyclopal capsules and marihuana debris.

After being advised of his constitutional rights, the appellant stated he understood his rights and wished to make a statement. He then admitted he had made arrangements with a Mexican by the name of Markcus to smuggle the marihuana into the United States from Mexico. When told there were twenty kilos in the vehicle, he expressed surprise and said there were only supposed to be five kilos. He stated that he was to receive $200.00 after he made delivery in the United States.

At the same time, after being advised of her constitutional rights, codefendant Smith stated she understood them, and when asked if she wished to make a statement, stated, "We are guilty. What's to say? You have found everything."

* Honorable William M. Byrne, United States Senior District Judge, Los Angeles, California, sitting by designation.

During the course of the trial, at the request of the government, and with the acquiescence of the appellant, the statement of each of the defendants was admitted in evidence only as to the person alleged to have made it.

This case was tried before the Supreme Court decided Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and the admission of the confessions in evidence was proper as the law existed at that time. Appellee concedes that *Bruton* applies to the situation here where the confession of the codefendant, which implicated appellant, was introduced into evidence at the joint trial of appellant and codefendant. Appellee also concedes that the rule of *Bruton* applies to this case, even though this case was tried before *Bruton* was decided, because *Bruton* is retroactive. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

■ The critical question here is whether the error in the setting of this case can be deemed to be harmless. The Court in Chapman v. California, 386 U.S. 18, at page 22, 87 S.Ct. 824, at p. 827, 17 L.Ed.2d 705 in holding that even constitutional errors can be harmless, stated: "We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction."

It would be difficult to find a situation where the error would be as innocuous as here. Not only was there no objection to the admission into evidence of the codefendant's confession, but the appellant's own confession was admitted without objection. The appellant's confession was very specific even to the extent of pointing out that the party for whom he was smuggling the marihuana was only supposed to conceal five kilos in the vehicle instead of the twenty kilos found when the car was searched.

Assuming the absence of the codefendant Smith's confession, surely the jury could arrive at no other verdict as to the appellant after considering his own confession. This is particularly true in view of the fact that no defense was presented by the appellant or his codefendant. There was no denial of either confession and there was no denial of appellant having smuggled the marihuana.

The jargon, "What's to say? You have found everything", was an accurate prognosis of the inevitable, but codefendant Smith's having said it did not contribute to the appellant's conviction. He was convicted because he was caught red-handed with the marihuana he was smuggling, and, when interrogated, he voluntarily confessed to the crime. When the evidence was produced before the jury he made no denial nor did he present a defense, because none was available.

As an additional ground for reversal, appellant urges the denial of effective assistance of counsel due to a conflict of interest where the same attorney represented both defendants.

At the arraignment on November 20, 1967, Attorney William F. Gavin, who had previously been appointed by the Commissioner to represent the appellant, was appointed to represent the codefendant Smith, and the case was continued to December 11, 1967, for an omnibus or pretrial hearing. The omnibus hearing was held on December 11, 1967, and the case was continued to January 9, 1968, for jury trial.

On January 9, 1968, the parties appeared before Chief Judge Kunzel for assignment to a trial court. When the case was called, the defendant's attorney stated, "Both defendants are here, your Honor; *they* are retaining counsel in San Francisco and *they* asked for continuance so *they* can acquaint *their new counsel* with the case." Judge Kunzel inquired whether there was any conflict of interest between the defendants. Both the attorney and the appellant replied in the negative. Judge Kunzel denied the motion for a continuance and

sent the case out for trial before Judge Delehant.

The appellant and the codefendant Smith renewed their motion for a continuance before Judge Delehant and their attorney told the Court: "The application, your Honor, is based on the fact that *both defendants* desire to secure a private representation rather than have *their attorney* furnished by the Government, and they desire time so that *they* can tell *the attorney* what the case is about and so that *the attorney who (sic) they have chosen can prepare herself for* the trial of the case and proceed with the trial of the case in the normal order."

Appellant testified he had contacted an attorney by the name of Molly Minudi. No financial arrangements were made. No appearance was made by Attorney Minudi, nor did she contact the Court, Attorney Gavin, or the Government Attorney. Attorney Gavin repeated that, in his opinion, there was no conflict of interest and both the appellant and the codefendant reiterated that there was no conflict of interest between them. Attorney Gavin further stated that he was prepared and ready for trial.

It is clear that the appellant and codefendant were seeking a continuance by representing to the Court that they intended employing a single attorney to represent *both* of them, but it is not clear how appellant can now urge a conflict of interest existed when they were both represented by Attorney Gavin, but that the conflict would not have existed if they had been granted a continuance to employ Attorney Molly Minudi to represent both of them.

 When counsel represents to the Court that there is no conflict of interest, "the trial court must be able, and be freely permitted, to rely upon counsel's representation that the possibility of such a conflict does or does not exist." Kaplan v. United States, 375 F.2d 895 (C.A.9 1967). In view of the assurances of counsel and the appellant, the Court's determination that there was no conflict of interest was in accord with the law and the facts.

 There was no abuse of discretion by the Trial Court in denying appellant's motion for continuance made at the hour the case was set for trial.

Affirmed.