EDWARD PARNELL JOHNSON *v.* STATE OF INDIANA.

[No. 476S124.  Filed January 7, 1977.]

*Harold W. Meyers, Thomas L. Ryan,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, Edward Parnell Johnson, was convicted on August 8, 1974, of kidnapping, rape and

robbery. The Appellant filed a petition to be examined as a possible criminal sexual deviant on August 28, 1974. The Appellant was examined pursuant to the Criminal Sexual Deviancy Act and, on October 20, 1975, was found by the trial court not to be a criminal sexual deviant. On November 10, 1975, the Appellant was sentenced to life imprisonment on his kidnapping conviction. Sentences on the robbery and rape convictions were withheld. The Appellant's motion to correct errors was filed on December 18, 1975, and, following a hearing, was denied on February 2, 1976.

The sole issue raised in this appeal is whether the evidence presented at trial was sufficient to support the conclusion of the trial court that the Appellant was sane at the time of the crimes in question. When, as in this case, a defendant enters a plea of not guilty by reason of insanity, the burden of proving the defendant sane is placed upon the State. *Young* v. *State*, (1972) 258 Ind. 246, 280 N.E.2d 595; *Johnson* v. *State*, (1970) 255 Ind. 324, 264 N.E.2d 57. The trial judge, acting as the trier of fact in this case, concluded that this burden was met. In reviewing this determination, we treat this issue not unlike other questions of fact. We cannot weigh the evidence or judge the credibility of witnesses. This Court will look at the evidence most favorable to the State and the reasonable inferences to be drawn from that evidence. When there is substantial evidence of probative value to support the conclusion of the trier of fact, that conclusion will not be disturbed. *Maxey* v. *State*, (1976) 265 Ind. 244, 353 N.E.2d 457; *Blake* v. *State*, (1975) 262 Ind. 659, 323 N.E.2d 227.

Three experts were called by the trial court to testify on the issue of the Appellant's sanity at the time of the crimes in this case. Two of these experts, Robert F. Green and Jack G. Oatman, were psychiatrists originally appointed in 1971 to determine the Appellant's competency to stand trial. The Appellant was found incompetent to stand trial at that time and was committed to Richmond State Hospital. The

Appellant was re-examined and found competent to stand trial in 1973. The third expert called by the trial court was Dr. Roland Ahlbrand, who had conducted numerous psychiatric evaluations for the trial court in criminal cases and regarding commitments to Richmond State Hospital.

These experts gave conflicting testimony. Dr. Green would not give an opinion on the Appellant's sanity on the date of the crimes charged, March 26, 1971. Dr. Oatman concluded that the Appellant was schizophrenic and legally insane on that date. He agreed with Dr. Green, however, that schizophrenia is a condition which can "come and go" and that it could be triggered by environmental factors such as the Appellant's incarceration in jail. Dr. Ahlbrand testified that he could find no evidence of mental illness in 1973 and that it was his opinion that the Appellant was not mentally ill in March of 1971. He also was of the opinion that the Appellant's amnesia regarding the alleged crimes was not genuine.

Three lay witnesses also gave testimony relevant to the sanity of the Appellant on the day of the crimes here. Karen Sweet Browning and Karen Rennacker, the two victims of the crimes, identified the Appellant as their attacker and described him as being "real calm and cool", and testified that the Appellant seemed to "know what he was doing", that he seemed to be "in control." Fort Wayne Police Detective Gervase Herman interrogated the Appellant following his arrest on March 30, 1971. He testified that the Appellant "appeared perfectly normal and physically calm, and fully understanding what the situation was."

The evidence in this case certainly conflicts on the issue of the Appellant's sanity. However, an appellate court cannot substitute its judgment for that of the trier of fact under such a circumstance. *See Fitch* v. *State,* (1974) 160 Ind. App. 697, 313 N.E.2d 548. There was substantive evidence of probative value to support the finding by the trial court that the Appellant was legally sane

at the time of the crimes in question. The judgment of the trial court is accordingly affirmed.

All Justices concur.

NOTE.—Reported at 358 N.E.2d 748.