MIKEL LEE CARTER AND HORACE LAWS *v.* STATE OF INDIANA.

[No. 975S246. Filed March 31, 1977.]

*Nicholas J. Schiralli,* of Merrillville, for appellants.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendants (Appellants) Carter and Laws were charged with other co-defendants, Hodge and Hunter, with two counts of first degree murder in connection with the killing of Edward Kitowski in the course of an armed robbery. Count I charged the traditional offense of killing purposefully and with premeditated malice; and Count II charged killing while perpetrating a robbery. The four defendants were tried jointly before a jury. Hodge's motion for a judgment on the evidence was sustained; and Hunter was acquitted.

Defendant, Carter, was convicted of murder in the second degree upon Count I and a sentence of fifteen to twenty-five years specified by the verdict. He was also convicted upon Count II and a life sentence was provided by that verdict.

Defendant, Laws, was found guilty of murder in the first degree upon both Counts and life sentences were provided by each verdict.

The issue to be determined is whether or not the Sixth Amendment confrontation rights of Carter and Laws were violated by the introduction into evidence, over objection, of their extrajudicial statements and the statement of Hunter, all given during police interrogation. All statements were inculpatory of Carter and Laws.

The evidence reflects that the defendants, Carter and Laws, entered a businesshouse in or near the City of Gary, Indiana, on April 5, 1974, at about 3:00 p.m. and purported to be

seeking employment. The owner, Mr. Neugebauer, and one employee, Mr. Darrow, were present. As Mr. Neugebauer arose from his chair to obtain an employment application form, Laws fired a gun. Carter grabbed Mr. Neugebauer, overpowered him, and went through his pockets and took approximately $270.00 from him. During this time, Laws overpowered Mr. Darrow, and both Mr. Neugebauer and Mr. Darrow were forced to the floor and tied. Laws went to the backroom of the premises, where he encountered the victim, Mr. Kitowski making plumbing repairs. He issued a command to Mr. Kitowski which was not followed; whereupon Carter shot and killed him.

Carter and Laws fled, stealing an automobile from the parking lot. They were followed by the defendants, Hodge and Hunter to another part of the city where the stolen vehicle was abandoned. They then went together and in Hodge's automobile to another site, where the stolen money was divided.

Carter, Laws and Hunter, during police interrogation, executed waivers and gave signed statements. The statements of Carter and Laws were confessions in substantial conformity with the facts as above related. The statement of each related not only the declarant's role in the crime but also the role of his co-defendants. The statement of Hunter was a denial of participation by him but was inculpatory of the others. Motions to suppress these statements were filed, charging that they had been obtained by police coercion. A pre-trial hearing was had upon that motion, and it was denied. It does not appear from the record how the right of confrontation question was first presented to the trial judge, and the defendants may have waived their rights under Ind. Code § 35-3.1-1-11 (b) by having failed to move for separate trials. Ind. Code § 35-3.1-1-12. Also, the only objections made at the time the statements were offered for evidence were made by each defendant in respect to his own statement and were mere renewals of the coercion claims previously determined upon the motion to suppress. We go to the issue, nevertheless, because from the record of the proceedings surrounding the

introduction of redacted versions of the statements, it is apparent that the trial court was aware of the Sixth Amendment problem and that the prosecutor had opted for redaction in preference to separate trials. (Tr. p. 841). Also, the defendants made vigorous objections to the admission of the redacted statements and clearly stated their grounds.

In *Bruton* v. *United States,* (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, which overruled *Delli Paoli* v. *United States,* (1957) 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, the United States Supreme Court held that at a joint trial the admission into evidence of a non-testifying defendant's confession inculpatory of the co-defendant being jointly tried with the declarant, violated the co-defendant's Sixth Amendment right to confront witnesses. It was further held that such constitutional error could not be cured by the formerly approved practice of instructing the jury that the confession could be considered only as against the declarant and not as against the co-defendant.[1]

---

1. "Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. 'A defendant is entitled to a fair trial, but not a perfect one'. Lutwak v. United States, 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593; see Hopt v. People of Utah, 120 U.S. 430, 438, 7 S.Ct. 614, 617, 30 L.Ed. 708; cf. Fed. Rule Crim. Proc. 52(a). It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information. Nevertheless, as was recognized in Jackson v. Denno, [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908] supra, there are some contexts in which the risk that the jury will not, or cannot follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Compare Hopt v. People of Utah, supra; Throckmorton v. Holt, 180 U.S. 552, 567, 21 S.Ct. 474, 480, 45 L.Ed. 663; Mora v. United States, 5 Cir., 190 F.2d 749; Holt v. United States, 10 Cir., 94 F.2d 90. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed. Pointer v. State of Texas, supra." *Bruton, supra,* at 88 S.Ct. at 1627.

Responding to the *Bruton* decision, the Indiana Legislature enacted Ind. Code § 35-3.1-1-11 which provides that in cases where the state has an extra-judicial statement admissible in evidence as to one co-defendant but not as to the other, the court shall require the prosecutor to elect (1) a joint trial at which the statement is not admitted, (2) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted, or (3) separate trials for the defendants. It is this statute, with which the trial court was attempting to comply when it edited the three extrajudicial statements and permitted the redacted versions to be entered into evidence.

This Court recently had this same problem before it in the case of *Sims & Irons* v. *State,* (1976) 265 Ind. 647, 358 N.E.2d 748. In that case, the Court had excised the declarant's references to the co-defendants and substituted either a blank or the letter "X". This procedure was challenged as not being an "effective" deletion, as required by the statute. In that case, Justice Arterburn stated: "It strains the limits of common sense to suggest that the simple deletion of a name and/or substitution of the letter "X" can act as an "effective" deletion in a case such as here. The appellants were jointly indicted and jointly tried. The confession of each defendant refers to the declarant and another person. The jury can draw only one inference—that the other person in each confession is the declarant's co-defendant."

In the case before us, as in *Sims and Irons* v. *State, supra,* it probably was impossible to delete references to the declarants' co-defendants effectively and yet retain any semblance of the meanings. Each statement was so interlaced with references to the co-defendants and their alleged role in the crime that the effective deletion of all such references would have resulted in the loss of all context; and the few sentences remaining would have had virtually no meaning. In holding that the deletions made by the trial court were not "effective" we have regard for the policy pronounced in *Bruton* v. *United*

*States, supra,* and that is that a co-defendant shall not be tainted by the out-of-court declarations of a non-testifying defendant. In protecting this right of confrontation, we cannot permit references by logical inference that could not be made directly. Because of the context in which the out-of-court statements are to be used, i.e. in a trial of two or more defendants wherein all are charged with the same offense, it will require more than a fig leaf to shield the non-declarants from the declarations of a declaring co-defendant. In consequence, there probably will be but few such statements that are susceptible to effective deletion within the meaning of the statute. Where such effective deletion is not clearly possible, due regard being had for the context in which the statement will be used and the normal inclination of a jury to associate a declarant's co-defendants with pronouns or blanks or other vagaries in the edited version, the state must be left to choose between separate trials or foregoing the use of the coveted statement. In the following cases, the Court held that the redaction was ineffective because of the almost inevitable association of the appellant with the non-testifying declarant, under the circumstances of the case. *United States ex rel. La Belle* v. *Mancusi,* (1968, CA 2 N.Y.) 404 F.2d 690; *Serio* v. *United States,* (1968) 131 App. D.C. 38, 401 F.2d 989.

In consideration of the claim of harmless error, the following quotation from *Smithson* v. *Maryland,* (1968) 247 A.2d 542, 544 is appropriate: "* * * It is difficult for us to find beyond a reasonable doubt that this evidence did not in any way contribute to the conviction, *even though there was other ample evidence* to support the conviction." (Emphasis added.) That court did not recite the other evidence but only stated that it was ample to convict. To us, there is a vast difference between evidence that is ample, that is to say evidence that would prevail upon review over a claim of insufficiency, and evidence that is so convincing that a jury could not properly find against it. When we find

the latter, we are warranted in a determination that error was harmless beyond a reasonable doubt.

The defendants, Carter and Laws, were identified without equivocation by both Mr. Neugebauer and Mr. Darrow, two of the victims of the crime. Carter, when chastised by Mr. Neugebauer for his roll in the crime, not only did not deny it, he admitted to having planned it earlier. *There was no consequential difference in the statements given by Carter and by Laws; and neither of these defendants was charged in Hunter's statement with any act not fully confessed by his own statement.* No rebuttal was offered by either Carter or Laws. *Thus, we have, as the sole evidence in the case, the confessions of the defendants, admissible as to the declarants, corroborating testimony of eyewitnesses and the inadmissible hearsay which was only corroborative of the properly admitted and undisputed evidence.* Given the testimony of the two eyewitnesses and the confession of either of these defendants in a separate trial, a jury could not have properly done other than convict. Under these circumstances, we have no hesitancy in declaring that the improper admission of the redacted statements was harmless error beyond a reasonable doubt.

Contrary to the suggestion in *Smithson* v. *Maryland, supra,* that a denial of the right of confrontation can never be harmless error, we find the following: *United States ex rel. Long* v. *Pate,* (1970, CA 7 Ill.) 418 F.2d 1028, cert. den. 398 U.S. 952, 26 L.Ed.2d 294, 90 S.Ct. 1877; *People* v. *Terry,* (1970) 2 Cal.3d 362, 85 Cal. Rptr. 409, 466 P.2d 961; *United States ex rel. Joseph* v. *La Vallee,* (1969, CA 2 N.Y.) 415 F.2d 150, cert. den. 397 U.S. 951, 25 L.Ed.2d 133, 90 S.Ct. 976; *Simpson* v. *Wainwright,* (1971, CA 5 Fla.) 439 F.2d 948, cert. den. 402 U.S. 1011, 29 L.Ed.2d 434, 91 S.Ct. 2199; *Ward* v. *Henderson,* (1970, D.C. La.) 317 F.Supp. 344; *Wooten* v. *United States,* (1969, D.C. Tenn.) 307 F.Supp. 80, affd. per curiam (CA 6) 420 F.2d 376, cert. den. 399 U.S. 933, 26 L.Ed.2d 804, 90 S.Ct. 2269; *Alley* v. *United States,* (1970, CA 8 Mo.) 426 F.2d 877; *Clark* v. *United States,* (1969, CA 9 Cal.) 412 F.2d 491, cert. den. 396 U.S. 919, 24

L.Ed.2d 199, 90 S.Ct. 246; *United States* v. *Davis,* (1969, CA 9 Idaho) 418 F.2d 59; *People* v. *Lucas,* (1971) 48 Ill.2d 158, 269 N.E.2d 285; *State* v. *Swaney,* (1971) 277 N.C. 602, 178 S.E.2d 399, app. dismd. and cert. den. 402 U.S. 1006, 29 L.Ed.2d 428, 91 S.Ct. 2199; *Hamilton* v. *United States,* (1970) 139 App. D.C. 368, 433 F.2d 526, cert. den. 402 U.S. 944, 29 L.Ed.2d 112; 91 S.Ct. 1612; *United States* v. *Catino,* (1968, CA 2 N.Y.) 403 F.2d 491, cert. den. 394 U.S. 1003, 22 L.Ed.2d 780, 89 S.Ct. 1598.

In the following cases, the courts expressly held that the presence of the defendants' own statements in the case so diminished the prejudicial effect of the admission of the co-defendants' inculpatory statements as to relegate the admission of such evidence to the status of harmless error. *Metropolis* v. *Turner,* (10th Cir. 1971) 437 F.2d 207; *State* v. *Anderson,* (1969) 254 La. 1107, 229 So.2d 329, revd. on other grounds 403 U.S. 949, 29 L.Ed.2d 861, 91 S.Ct. 2288; *State* v. *Brinson,* (1970) 277 N.C. 286, 177 S.E.2d 398; *Carey* v. *State,* (1970 Tex. Crim.) 455 S.W.2d 217.

Although the Court sentenced the defendants only upon the convictions (verdicts) upon Count II (felony murder), the defendants assign, as further error, the multiple "convictions" for one and the same homicide. They cite *Carter* v. *State,* (1951) 229 Ind. 205, 96 N.E.2d 273, as authority for their position. We note that we did say in that opinion that the jury should have returned a verdict of guilty upon the first count only and that it was error to enter judgment for both armed robbery and robbery. However, only the erroneous judgment was set aside. We did not consider the effect, if any, of multiple guilty verdicts having been returned.

Under our statutes, the same set of facts may sometimes constitute more than one crime, in which case the State may charge any one, all, or any combination of such offenses in separate counts. Although the defendant, under such circumstances, may be sentenced for but one of such crimes, *Franks* v. *State,* (1975) 262 Ind. 649, 323 N.E.2d 221, as a conviction upon one count would be a

bar to a subsequent prosecution upon any one of the others. *Swininger* v. *State*, (1976) 265 Ind. 136, 352 N.E.2d 473, and cases there cited; *Steffler* v. *State*, (1952) 230 Ind. 557, 104 N.E.2d 729. It does not follow, however, when the evidence supports verdicts of guilty upon two or more of such counts, that but one guilty verdict can stand—although it may be but a useless appendage.

The defendants have asked that Law's conviction for traditional first degree murder and Carter's conviction for second degree murder be reversed. We conclude that they here employ the term "conviction" as synonymous with verdict, rather than as synonymous with "judgment," which last mentioned term embodies sentence. *McMinoway* v. *State*, (1973) 260 Ind. 241, 294 N.E.2d 803, 806. As naked verdicts upon which judgments have not been rendered and may not be rendered, so long as the judgments upon the other verdicts stand, they do the defendants no harm.

The judgment of the trial court is affirmed.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 361 N.E.2d 1206.