JACK BURNETT; JOANN WILLIAMS *v.* STATE OF INDIANA.

[Nos. 577S362; 677S393. Filed July 7, 1978.]

*Daniel L. Toomey,* of Gary, for appellant Burnett, *John H. McKenna,* of Gary, for appellant Williams.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendants, Jack Burnett and Joann Williams, were tried jointly and found guilty of felony murder. Each was sentenced to life imprisonment. The defendants have appealed separately and due to their joint trial, these appeals have been consolidated. They raise the following issues:

1. Whether a motion for severance of trials should have been granted; and

2. Whether statements were properly obtained from the defendants.

I.

Statements were obtained by police from each of the defendants in these cases. The confession of each defendant referred to the other defendant by name. Each confession was admitted into evidence with references to the co-defendant

deleted and replaced by a blank, pursuant to Ind. Code § 35-3.1-1-11 (Burns 1975). Williams has challenged this procedure as being ineffective and a violation of her Sixth Amendment right to confront witnesses.

We agree that such delations are ineffective and the admission of these redacted confessions was erroneous. *Carter* v. *State*, (1977) 266 Ind. 140, 361 N.E.2d 145; *Sims* v. *State*, (1977) 265 Ind. 647, 358 N.E.2d 746. In *Carter* we stated:

> "[T]here probably will be but few such statements that are susceptible to effective deletion within the meaning of the statute. Where such effective deletion is not clearly possible, due regard being had for the context in which the statement will be used and the normal inclination of a jury to associate a declarant's co-defendants with pronouns or blanks or other vagaries in the edited version, the state must be left to choose between separate trials or foregoing the use of the coveted statement."

*Supra,* at 148.

Although the denial of defendant's motions for severances was erroneous, we, nevertheless, find the error harmless. Denial of the right to confrontation may be harmless on review. *Schneble* v. *Florida,* (1972) 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340; *Harrington* v. *California,* (1969) 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. As was noted in *Carter, supra,* numerous courts considering the question have held that the presence of a defendant's own statement in the case so diminishes the prejudicial effect of the admission of a co-defendant's inculpatory statement as to render its admission harmless error. *Mack* v. *Maggio,* (5th Cir. 1976) 538 F.2d 1129; *Metropolis* v. *Turner,* (10th Cir. 1971) 437 F.2d 207; *United States ex rel. Catanzaro* v. *Mancusi,* (2d Cir. 1968) 404 F.2d 296; *State* v. *Elwell,* (1977) Me., 380 A.2d 1016; *State* v. *Brinson,* (1970) 277 N.C. 286, 177 S.E.2d 398. Here, each defendant made a confession to the crime of killing Robert Lockhart in the perpetration of a robbery. Except in one particular, which is immaterial, each

confession was like the other. The only difference in them was that each defendant shifted the blame for the planning and initiation of the killing; but under our accessory law, this difference is immaterial. Ind. Code § 35-1-29-1 (Burns 1975).

## II.

Both of the defendants sought suppression of their own confessions on the grounds that the confessions were involuntary under the standards for obtaining a waiver of rights from a juvenile prior to taking a statement from him.

In *Lewis* v. *State*, (1972) 259 Ind. 431, 288 N.E.2d 138, we held that the confession of a juvenile is not admissible against him unless he is given an opportunity to consult with a parent, guardian, or counsel prior to waiver of his privilege against self-incrimination. Defendant Williams claims that her waiver was insufficient because no parent was present. Both defendants claim their waivers are insufficient because there was no meaningful opportunity to consult with their parents or guardians, citing *Hall* v. *State*, (1976) 264 Ind. 448, 346 N.E.2d 584.

The defendant Burnett was picked up by police near his home and the police informed his mother that she should come down to the station. Burnett was taken to the police station and was not questioned until his mother was present. The defendant, his mother and his two sisters were present when the defendant's *Miranda* rights were read to him. He was advised that he could have his mother present during questioning. The defendant and his mother read the waiver form and signed. In the presence of police officers they talked together and the defendant was admonished to tell the truth. The defendant then gave his statement.

The defendant Williams was picked up by police at her home. Her mother was requested to come with her but she refused and instead sent the defendant's sister, Minnie, with her. Minnie was nineteen years old at the time and claimed she was twenty-two because she knew that the defendant needed

to have an adult present. The briefs made Minnie's age an issue, but even at eighteen she was old enough to be a guardian acting *in loco parentis*. *Hall, supra*; Ind. Code § 29-1-10-1 (Burns Supp. 1977). Both the defendant and Minnie were advised of the defendant's constitutional rights. Both signed the waiver form and the defendant's statement. The defendant and her sister conversed with each other between the advisement and the taking of the statement. The defendant then gave her statement.

These confessions were properly admitted and were not obtained in violation of *Lewis*. This case differs from *Hall* in that there was no prior interrogation of either Burnett or Williams, nor is there any evidence of undue pressure or coercion placed on the defendants or their guardians. Had there been pressures on the part of the police placed on the defendants or their parent or guardian, then *Hall* would apply. The facts in this case are clearly different from those in *Hall* and therefore distinguishable. Burnett's statement was taken after advisement and consultation with his mother. Williams's statement was taken after advisement and consultation with her sister who was acting *in loco parentis*. In juvenile confession cases, we should only look to the record to determine if there was a meaningful opportunity for full consultation between the juvenile and his parent or guardian, without any coercion on the part of the police. Here, there was such a meaningful opportunity and there was no error in the admission of the confessions.

The defendant Burnett also argues that a rifle was im- improperly admitted into evidence because it was irrelevant. In his confession Burnett identifies that rifle as being the murder weapon. The rifle was properly admissible and there was no error.

For all the foregoing reasons, there was no trial error and the judgments of the trial court should be affirmed.

Judgments affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 377 N.E.2d 1340.