James B. SEATON, Appellant,

v.

STATE of Indiana, Appellee.

No. 183S19.

Supreme Court of Indiana.

May 28, 1985.

Rehearing Denied July 16, 1985.

Allan L. Yackey, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant James B. Seaton was found guilty by a jury in the Vanderburgh Circuit Court of the crimes of [Count I] Rape while armed with a deadly weapon, a class A felony; [Count II] Criminal Conversion, a class A misdemeanor; [Count III] Criminal Confinement while armed with a deadly weapon, a class B felony; and [Count IV] Theft, a class D felony. The trial court accordingly sentenced Appellant to a term of fifty years imprisonment on Count I, eight years on Count III, and two years on Count IV. Count II was merged into Count IV. Appellant now directly appeals and raises the following six issues for our review:

1. failure to formally arraign Appellant;
2. ineffective assistance of counsel;
3. improper references to penalty on the charging informations;
4. duplicate charges of theft;
5. refusal of tendered instructions by Appellant; and
6. denial of Appellant's motion for mistrial.

On July 4, 1982, at about 4:30 p.m., K.P. was forced into her automobile by three men, including Appellant James Seaton. K.P. had been shopping in a grocery store in Evansville, Indiana. Appellant, his brother Mitchell Seaton, and James Bullington, drove K.P.'s automobile, in which she was an unwilling passenger, to the vicinity of a strip mine excavation in Warrick County, Indiana. Thereafter, Appellant and Mitchell Seaton each engaged in sexual intercourse forced upon K.P. while she was tied up and on the ground. James Bullington declined to have sexual relations with the victim. Appellant suggested that K.P. be disposed of because she could testify against them later but the other two talked him out of it. The three then drove away in the victim's car, having also in their possession some money taken from her purse. K.P. was later able to obtain assistance from Edward Spencer, a passerby. A medical examination corroborated the fact that she had been raped.

I

Appellant first claims that he is now entitled to a new trial because the record does not affirmatively show that he was formally arraigned on the four-count information on which he subsequently was tried before a jury. There is some inference that Appellant was arraigned on April 23, 1982, but the record does not clearly indicate this. There apparently was speculation among all involved as to whether Appellant was arraigned on that day or whether he was formally arraigned at all. The trial judge amended his docket entry reflecting his recall of when and where the arraignment occurred and indicated it might have been in his chambers. The prosecutor filed an affidavit with respect to his recollection of the event but no one totally recalls or agrees about the event. The record shows, however, that Appellant did go to trial before a jury on this cause and neither advised the trial court of any irregularity with respect to his arraignment nor raised any objection to proceeding through the trial of this cause until after judgment had been entered. This Court has held that a defendant can waive any

error predicated upon the fact that the defendant was not formally arraigned on an information and had not entered a plea with respect to that charge prior to the case being tried. *Heartfield v. State,* (1984) Ind., 459 N.E.2d 33; *Lindsey v. State,* (1965) 246 Ind. 431, 204 N.E.2d 357. Appellant points to no particular prejudice resulting from the failure of the record to indicate a formal arraignment. He was represented by counsel at all stages and his jury trial proceeded in proper form in every respect. He points to no tangible prejudice flowing from the lack of the arraignment except the fact that it apparently was omitted or was done in his absence. Since Appellant shows no prejudice and has waived any objection, we find no merit to his contentions on this issue.

## II

Appellant next contends that the action of his counsel in calling his brother and co-defendant to testify amounted to a denial of his Sixth Amendment right in the U.S. Constitution to the effective assistance of counsel. This is the only ground on which Appellant claims he had ineffective assistance of counsel. During Appellant's case, Appellant's counsel called Marshall Seaton and asked him his name. Appellant's counsel then passed the witness to the State. The State asked the witness if he was Appellant's brother and he stated he was. The State then asked Mitchell Seaton if, in fact, he, Mitchell Seaton, had been convicted of rape. Appellant objected to this question and the trial court sustained the objection while admonishing the prosecutor that he could examine the witness on any other area but that he could not examine him on that. Appellant now contends that the calling of his brother did more damage to his case than good in that the State was able to examine Mitchell Seaton about details of the crime that they could not have put into evidence without having the witness presented for cross-examination. It is Appellant's contention that he was so grossly prejudiced by this that it amounted to ineffective assistance of counsel and he

therefore should be granted a new trial. We disagree.

It is, of course, basic that we presume counsel was competent and we require convincing evidence to rebut that presumption. Furthermore, we do not second guess counsel in his or her choice of strategy and we will find no grounds for reversal on such choice of strategy by counsel where it appears that counsel exercised professional judgment. *Grossenbacher v. State,* (1984) Ind., 468 N.E.2d 1056; *Smith v. State,* (1984) Ind., 465 N.E.2d 1105, *reh. denied; Howell v. State,* (1983) Ind., 453 N.E.2d 241. This is true even though a defendant may disagree with a particular choice and even though, in retrospect, one might speculate as to the wisdom of that choice over a different one. It is still necessary for a defendant to show that his counsel has failed to meet the proper standard for attorney performance which is that of reasonably effective assistance. *Strickland v. Washington,* (1984) — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Appellant must show that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. We can only speculate as to the strategy of defense counsel in calling Appellant's brother. The State contends defense counsel may have wished to invite the commission of error and a mistrial by calling Mitchell Seaton to the witness stand or that the witness may have been called to confuse the identity of the two Seatons since the victim had been examined in a thorough manner about which of the men had abducted her and which had forced her to submit to sexual intercourse. Whether or not this strategy worked as planned is again subject to speculation. Furthermore, the record shows that Appellant was identified and implicated in these crimes by the victim here, and also by co-defendant Bullington. Appellant fails to show that the choice of strategy by his counsel in this one incident so prejudiced him that it merits reversal.

### III

The record shows that on the lower left-hand corner of each of the four informations in this case there was noted the class of crime charged therein and the presumptive penalty. For instance, the information for theft of money originally was drafted for the crime of robbery. The charge was then changed by amending the wording in the necessary places from robbery to theft, by crossing out certain portions of the language and replacing those portions with new wording. In the lower left-hand corner of the document, however, the penalty notation still indicated 10 years. Appellant's objection apparently is that the notation of ten years for robbery was not the proper presumptive sentence for the crime of class D felony theft and was therefore incorrect. Appellant now generally claims that the notations of penalties were not necessarily accurate and therefore confused him and misled him in his defense and in his consideration of a plea bargain such that he was unfairly tried and should be granted a new trial.

 We first note that there is no showing in the record that any objection or motion to dismiss was made to the form of the informations. It appears the first time Appellant raised this question was after completion of the trial. He therefore has waived this issue. Furthermore, it is clear that additional language in a charging information may be regarded as surplusage when it cannot be shown to have prejudicially harmed the presentation of an adequate defense by the accused. *Kelsie v. State,* (1976) 265 Ind. 363, 354 N.E.2d 219, *cert. denied* (1977) 429 U.S. 1094, 97 S.Ct. 1108, 51 L.Ed.2d 541. Appellant has not demonstrated that he suffered harm or prejudice because of these notations on the informations. Their presence was never noted to the jury in any manner nor did the notations have anything at all to do with the course of the trial. Appellant was convicted of the crimes with which he was charged and was properly sentenced under the law for them. As a matter of fact, Appellant received a term of only two years on the conviction for theft and therefore was not prejudiced in any manner by the notations on the informations.

### IV

Appellant was charged and convicted of "Theft," a class D felony, and "Criminal Conversion," a class A misdemeanor. The trial judge recognized and found that he could enter judgment on only the theft conviction since conversion was an included offense of theft. He accordingly entered such judgment and sentenced Appellant to a term of two years on said single conviction.

 Appellant's claim now is that he was prejudiced by being tried for both theft and conversion rather than for just one of the crimes since both arose from the same transaction and represented only one theft. His claim is correct in that one may not be sentenced on multiple crimes arising from the same act or acts when the identities of the offenses are the same. *Randall v. State,* (1983) Ind., 455 N.E.2d 916. The trial judge recognized this, however, and entered judgment of conviction and sentenced on only one charge. Appellant seems to infer that the additional charge made him look worse in the eyes of the jury and therefore prejudiced him to the extent that he should gain a new trial. There is no merit to this contention. The record shows Appellant was properly charged, convicted, and sentenced for Theft, a class D felony, Rape, a class A felony, and Criminal Confinement, a class B felony. There was strong evidence of his guilt on all of these charges. Appellant shows no impropriety or prejudice that merits the relief of a new trial.

### V

 Appellant also claims that the trial court erred by refusing his tendered instructions I, II, and III concerning the lesser-included offenses of the charged crimes. The instructions stated as offenses: Rape, a class B felony, Confinement, a class D felony, and Conversion, a class A misdemeanor. Appellant's argument is not pred-

icated on the basis that the trial court did not instruct the jury on the lesser offenses of the charged crimes but rather that the trial court's instructions were inadequate on the subject. The trial court did give its instructions XI, XII and XIII, which fully instructed the jury on the applicable lesser included offenses of the crimes charged. Specifically, Instruction XI directed the jury to consider class B felony rape as included in the charged crime of class A felony rape with a deadly weapon. Instruction XII directed the jurors to consider conversion, a class A misdemeanor, as an included offense of theft as charged in the information. Instruction XIII permitted the jurors to consider the crime of class D felony confinement as included in the charged crime, confinement with a deadly weapon, a class B felony. Thus the trial court's instructions adequately covered the substance of Appellant's tendered instructions by advising the jury of the same lesser offenses of the charged crimes as requested by Appellant. Appellant therefore showed no error on this issue. *See Spears v. State*, (1980) 272 Ind. 634, 401 N.E.2d 331 [issue I], *on rehearing* 272 Ind. 647, 403 N.E.2d 828 [pertaining to issue IV].

 Appellant further argues that the trial court erred by refusing his tendered instructions VIII and IX which offered an explanation of how the jurors should consider the evidence in light of the reasonable doubt standard. The State again contends that the standard of review noted in *Spears, supra,* indicates that the trial court adequately instructed the jury on this subject in its Instructions XX, XXI, and XXII. We agree. Since the trial court's instructions correctly and adequately advised the jurors of the reasonable doubt standard, the trial court did not err when it refused Appellant's tendered instructions VIII and IX.

## VI

 Finally, Appellant claims the trial court abused its discretion when it permitted the prosecutor to cross-examine defense witness Mitchell Seaton under circumstances where Mitchell Seaton's direct testimony amounted only to the giving of his name. Appellant further claims the trial court abused its discretion by allowing the prosecutor to examine Mitchell about some of the details of the crime for which Appellant was being tried. The record disclosed that the trial court sustained defense counsel's objection to the State's question regarding whether Mitchell Seaton had been convicted of rape and that subject was not discussed further. The trial court did permit the prosecutor to ask the witness about the car in which he and Appellant had been riding, about other matters regarding this criminal incident and about prior statements of Mitchell Seaton which were brought out during the witness' examination by both parties. Appellant's claim now is that due to the prosecutor's reference to his brother's guilty plea, he was denied due process of law pursuant to *Zarnik v. State*, (1977) 172 Ind.App. 593, 361 N.E.2d 202. In *Zarnik*, the trial court properly allowed the prosecutor to show that a co-defendant had entered a guilty plea to the same crime as the one with which Zarnik was charged. This was to allow the State to refute Zarnik's denial that he was not involved in the crime. Zarnik many times tended to equivocate in his testimony and denied knowledge of any of the incidents. In fact, as pointed out by Judge Staton in his dissent, this occurred some thirty times in the Zarnik trial. The majority opinion in *Zarnik*, written by Judge Hoffman, found:

"The conviction or guilty plea of others indicted for the same offense as defendant is not substantive evidence of the defendant's guilt and generally inadmissible at the trial of the defendant. *Lincoln v. State*, (1921) 191 Ind. 426, 133 N.E. 351. However, when such evidence is introduced at trial, the resolution of the question of whether the disclosure requires reversal is dependent upon the facts and circumstances surrounding the case.

'Basically, whether the conduct was prejudicial is a question of fact, and, in the final analysis, each case must be determined on its own particular facts, for there is no legal standard by which the prejudicial qualities of a prosecuting attorney's remarks or conduct can be gauged, and it is ·only when, in the light of all the circumstances attendant upon a trial, the misconduct complained of can be said to have influenced the jury's verdict and prevented a fair trial, that prejudice results.' Annot., 48 A.L.R.2d 1016, at 1018 (1956)."

*Zarnik,* 172 Ind.App. at 600, 361 N.E.2d at 206. Here there was only one reference to Mitchell Seaton's guilty plea and the trial court did not permit the State to go further. Since the defense presented the witness, after all, it was proper for the State to cross-examine him with regard to facts and circumstances involving these crimes and the trial court did not abuse its discretion by permitting such cross-examination. In view of all the facts and circumstances we have discussed previously in this cause, we do not find that this one incident was so prejudicial that it requires reversal of Appellant's convictions and the institution of a new trial.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, and PRENTICE, JJ., concur.

HUNTER, J., not participating.