**STATE of Indiana, Plaintiff–Appellant,**

v.

**William HANCOCK,
Defendant–Appellee.**

**No. 82A01–8804–CR–107.**

Court of Appeals of Indiana,
First District.

Oct. 24, 1988.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellant.

Jeffery L. Lantz, Evansville, for defendant-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The State of Indiana appeals the decision of the trial court dismissing both counts of the indictment against the defendant, William Hancock. We reverse and remand with instructions.

## FACTS

On September 24, 1987, William Hancock was charged by indictment with class D felony, attempted theft.[1] In a second count to the same indictment Hancock was charged with class D felony, conspiracy to commit theft.[2] Both counts were based on an incident occurring on or about August 9, 1987, involving Hancock's alleged receipt of a stolen Black and Decker ⅜ inch drill. On January 11, 1988, Hancock filed a motion to dismiss based on several alleged deficiencies in the processing of the criminal charges against him. In a memorandum in support of his motion, Hancock noted that Indiana Code section 35–41–5–3(a) prohibits a defendant from being convicted of both attempt and conspiracy with regard to the same underlying crime. On January 14, 1988, Hancock's motion to dismiss was granted. Subsequently, the trial court issued conclusions of fact and law which read in pertinent part:

"6. The Indictments charging the defendant William Hancock with Count One: Attempted Theft and Count Two:

Conspiracy to Commit Theft are contrary to I.C. 35–41–5–3(a) and are hereby dismissed."

Record at 22. On March 3, 1988, the State filed a motion to correct errors which was denied the same day. The State of Indiana appealed this decision. In an unpublished opinion this court noted that the state was attempting to appeal the decision of a master commissioner and remanded the cause for the entry of final judgment. On September 22, 1988, a copy of the Judge's Docket for the Vanderburgh Circuit Court was filed with this court which reflected that Judge William H. Miller entered final judgment adopting the master commissioner's decision to grant the motion to dismiss. Therefore, we now review the state's appeal on the merits.

## ISSUE

Did the trial court err in dismissing the state's two count indictment where the defendant was charged with both attempt and conspiracy with respect to the same underlying crime?

## DISCUSSION AND DECISION

■ Hancock, in his appellee brief, raises a preliminary issue on appeal. Hancock contends that the state's failure to make marginal notes on the twenty-six page record of the proceedings in violation of Indiana Rules of Procedure, Appellate Rule 7.2(A)(3)(a) should be fatal to the state's appeal.

This court repeatedly has stressed its preference for deciding an issue on the merits rather than invoking waiver. *Town of Rome City v. King* (1983), Ind.App., 450 N.E.2d 72, 76; *Viccaro v. City of Fort Wayne* (1983), Ind.App., 449 N.E.2d 1161, 1162; *Brand v. Borst* (1982), Ind.App., 431 N.E.2d 161, 165, *trans. denied.* Even where an appellant's brief reflects minimal compliance with appellate rules, we will decide cases on their merits if at all possible. *State v. Fair* (1981), Ind.App., 423 N.E.2d 738, 739.

---

1. Indiana Code sections 35–43–4–2, 35–41–5–1.

2. Indiana Code sections 35–43–4–2, 35–41–5–2.

In the present case, the state's failure to make margin notes on a twenty-six page record of the proceedings in no way impedes our ability to review the main issues on appeal. Therefore, we will review the issues presented herein despite the state's minimal deviation from the rules of appellate procedure.

■ The main issue on appeal in the present case is whether I.C. 35–41–5–3(a) bars indictment and prosecution for attempt and conspiracy to commit a crime based on the same underlying factual situation. We agree with the state that this is a question of first impression in the State of Indiana and further agree that I.C. 35–41–5–3(a) does not serve as a bar to the indictment and prosecution for both conspiracy and attempt.

I.C. 35–41–5–3(a) reads as follows:

"Multiple Convictions—(a) A person may not be convicted of both a conspiracy and an attempt with respect to the same underlying crime."

The term "convicted" can best be equated with "judgment", a term which embodies the sentencing of a defendant. *Carter v. State* (1977), 266 Ind. 140, 148, 361 N.E.2d 145, 149. (Naked verdict absent sentencing found not to constitute conviction.) Therefore, the only action prohibited by I.C. 35–41–5–3(a) is the sentencing on verdicts of guilty on both attempt and conspiracy with respect to the same underlying crime. No logical reason exists to expand this prohibition to indictment and prosecution for attempt and conspiracy to commit the same underlying crime. Such an interpretation would unduly tie the hands of the prosecutor and this we will not do. *See Commonwealth v. Hassine* (1985), 340 Pa.Super. 318, 359–60, 490 A.2d 438, 460.

A substantial amount of Indiana case law exists in which conviction on both counts of a dual count indictment is barred, but the indictment and prosecution based on both counts is permissible. *Seaton v. State* (1985), Ind., 478 N.E.2d 51, 55; *Douglass v. State* (1984), Ind., 466 N.E.2d 721, 723; *Harding v. State* (1984), Ind., 457 N.E.2d 1098, 1103, *cert. denied* (1986), 475 U.S. 1024, 106 S.Ct. 1218, 89 L.Ed.2d 329; *Carter*, 266 Ind. at 147, 361 N.E.2d at 149. In *Carter*, the defendant was charged with two counts of first degree murder in connection with a killing in the course of an armed robbery. The court noted that the same set of facts may sometimes constitute more than one crime, in which case the state may charge only one, all, or any combination of such offenses in separate counts, despite the fact that the defendant under such circumstances may be sentenced for but one of these crimes. *Carter*, 266 Ind. at 147, 361 N.E.2d at 149.

In *Harding v. State* the court held that the state was not prohibited from alleging the same charge in different counts and further found that the trial court did not err in allowing the state to try the defendant on two counts of attempted murder where there was only one judgment and sentence for attempted murder. *Harding*, 457 N.E.2d at 1103. *Seaton* involved a situation in which the defendant was charged and tried for both conversion and theft based on a single transaction. The court held that since judgment of conviction and sentencing was entered on only one charge, the defendant was in no way prejudiced. *Seaton*, 478 N.E.2d at 55. Finally, in *Douglass v. State*, the court held that the state was not precluded from charging the defendant with felony murder and the underlying felony, despite the fact that he could not be convicted on both offenses. *Douglass*, 466 N.E.2d at 723. Therefore, despite the fact that I.C. 35–41–5–3(a) prohibits the conviction of a defendant for both attempt and conspiracy to commit the same underlying crime, charging and trying the defendant with both offenses is not prohibited.

In addition to the analogous Indiana case law cited, support for the contention that I.C. 35–41–5–3(a) does not prohibit charging and trying a defendant with both conspiracy and attempt to commit the same underlying crime can be found by reviewing the law of other states which have enacted statutes comparable to I.C. 35–41–

5–3(a).[3] While some of these states remain silent as to the issue at bar, other states' statutes contain a provision .expressly stating that an indictment for two inchoate crimes arising out of the same underlying transaction is permissible even though conviction on both offenses is prohibited.

> "Nothing in this section shall be construed to bar inclusion of multiple counts charging violation of the substantive offense and offense under this chapter in a single indictment, information, or other charging instrument."

Mich.2d Rev.Crim.Code § 1025(4) *1979). The committee commentary on this chapter states that "subsection (4) emphasizes that subsections (2) and (3) deal only with convictions, not with charges in an information." *Id.* Other states follow the same rule as evidenced by the commentary to their respective statutes even though no provision expressly excludes indictments from their coverage. "Note that subsection (b) and (c) deal only with convictions, not with multiple charges or counts on an indictment or complaint." Ala.Code § 13A–4–5(c) (1982). "By virtue of the definition of "conviction" this means that prosecution may be had for both offenses in the same trial (by separate counts) or separately. But after proceeding finally to verdict of guilty on one or both, the judgment of conviction and sentence shall be entered on only one offense." Ill.Ann.Stat. ch. 38, § 8–5 comment (Smith–Hurd 1972 and Supp. 1988–1989).

The only case law interpreting statutes such as I.C. 34–41–5–3(a) found by this court is from the Commonwealth of Pennsylvania. The comparable statute from that jurisdiction reads as follows:

> "A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime."

The Pennsylvania court held that this statute prohibits multiple convictions for inchoate offenses. *Hassine,* 340 Pa.Super. at 360, 490 A.2d at 460. As in Indiana, the court in Pennsylvania found the word "conviction" to be referring only to post-verdict judgments by a court. *Id.* The thrust of the Pennsylvania statute is to prevent the imposition of sentence for multiple inchoate offenses and nothing less. Therefore, that court rejected the contention that the Commonwealth should have been compelled to elect prior to trial among the inchoate offenses of conspiracy, attempt, and solicitation. *Id.*

Following the trend among these jurisdictions and the logical extension of our own case law, we therefore hold that I.C. 35–41–5–3(a) bars only the conviction of both the attempt and conspiracy to commit the same underlying crime and does not bar indictment and prosecution for both offenses. Therefore, the ruling of the trial court granting Hancock's motion to dismiss was in error. This cause is reversed and remanded with instructions to reinstate the two-count indictment for attempt and conspiracy to commit theft and to continue the proceedings in a manner consistent with this opinion.

REVERSED AND REMANDED.

ROBERTSON, J., concurs.

SULLIVAN, J., concurs in result.

---

**3.** *See,* Ala.Code § 13A–4–5(c) (1985); Alaska Stat. § 11.31–140(b) (1983); Ark.Stat.Ann. § 5–3–102 (1987); Hawaii Rev.Stat. § 705–531 (1985); Ill.Ann.Stat. ch. 38, § 8–5 (Smith–Hurd 1972 and Supp.1989); Ky.Rev.Stat. § 506.110 (1985); Mich.2d Rev.Crim.Code § 1025(3) (1979); Ohio Rev.Code Ann. § 2923.01(G), .02(C) (Baldwin 1987); Or.Rev. Stat. § 161.485(2) (1987); 18 Pa.Cons.Stat.Ann. § 906 (Purdon 1983); Utah Code Ann. § 76–4–306 (1982); W.Va.Code § 61–4–11(c) (1983).