## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2020, 10:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

A.W.,
*Appellant-Respondent,*

v.

State of Indiana,
*Appellee-Petitioner*

February 28, 2020

Court of Appeals Case No.
19A-JV-1793

Appeal from the Marion Superior Court

The Honorable Marilyn A. Moores, Judge

The Honorable Geoffrey A. Gaither, Magistrate

Trial Court Cause No.
49D09-1902-JD-215

**May, Judge.**

[1] The trial court adjudicated A.W. delinquent for an act that would constitute Level 6 felony escape[1] if committed by an adult. He raises one issue on appeal, which we revise and restate as whether the trial court abused its discretion in admitting testimony regarding whether the tracking device in question had been assigned to A.W. We affirm.

## Facts and Procedural History

[2] On February 25, 2019, David Akers, a Community Adjustment Supervisor with the Marion County Juvenile Probation Department, was monitoring a computer that kept track of all juveniles placed on electronic monitoring in Marion County. Akers noticed a "tamper alert" and he viewed a mapping screen to identify the tampered device's location. (Tr. Vol. II at 11.) The screen notified Akers that the tampered monitoring device was at North Central High School in Indianapolis. Akers went to the school and located the tracking device in the parking lot behind the school. The tracking device's strap had been cut.

[3] On February 26, 2019, the State alleged A.W. was a delinquent child for committing an act that would constitute Level 6 felony escape if committed by an adult. The court held a fact-finding hearing on May 23, 2019. Akers was the only witness to testify at the hearing. The trial court entered a true finding

---

[1] Ind. Code § 35-44.1-3-4.

on the charge of escape. The trial court held a dispositional hearing in July 2019 on the escape charge and two unrelated cases. The court placed A.W. in the custody of the Indiana Department of Correction ("DOC") until the age of twenty-one unless released sooner by the DOC, with a recommended commitment of six months.

# Discussion and Decision

[4]     We evaluate a decision to admit or exclude evidence using an abuse of discretion standard because such decisions are within the trial court's "sound discretion" and are "afforded great deference" on appeal. *Fugett v. State*, 812 N.E.2d 846, 848 (Ind. Ct. App. 2004). We will reverse a decision to admit evidence only where the admission is a "manifest abuse of discretion by the trial court resulting in the denial of a fair trial." *Johnson v. State*, 831 N.E.2d 163, 168-69 (Ind. Ct. App. 2005), *trans. denied*. "A decision is an abuse of discretion if it is clearly against the logic and effect of the facts and circumstances before the court. *Id.* at 169. A.W. argues Akers' testimony that the electronic monitoring device he found belonged to A.W. was inadmissible hearsay, and he argues the State failed to lay an adequate foundation for admission of the testimony.

[5]     Generally, a party waives an argument or issue on appeal by failing to raise the argument or issue before the trial court. *Long v. State*, 121 N.E.3d 1085, 1088 (Ind. Ct. App. 2019), *trans. denied*. The State argues A.W. did not object to Akers' testimony that the serial number for the tracking device he recovered at

the high school matched the serial number for the device issued to A.W., and therefore, his argument is waived.

[6] Here, A.W. did object to Akers' testimony multiple times on hearsay grounds. The Court overruled Akers' first objection but did not formally rule when A.W. subsequently objected. The argument A.W. raised before the trial court and the argument he raises on appeal both challenge Akers' testimony connecting the tracking device Akers found at the high school to A.W. Therefore, we hold A.W.'s argument is not waived and proceed to the merits.[2] *See Omni Ins. Group v. Poage*, 966 N.E.2d 750, 753 (Ind. Ct. App. 2012) ("We prefer to decide a case on the merits whenever possible."), *trans. denied*; *see also State v. Hancock*, 530 N.E.2d 106, 107 (Ind. Ct. App. 1988) ("This court repeatedly has stressed its preference for deciding an issue on the merits rather than invoking waiver."), *reh'g denied*, *trans. denied*.

[7] Indiana Rule of Evidence 801 defines hearsay as "a statement that: (1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted." Hearsay is inadmissible unless it meets one of several exceptions. Ind. R. Evid. 802. Many of these exceptions are found in Evidence Rules 803 and 804.

---

[2] It is important for trial courts to rule on objections. If a trial court fails to do so, objecting parties are left to wonder whether they have adequately preserved an issue for appeal. *See* Ind. R. Evid. 103(b) ("Once the court *rules definitively on the record* at trial a party need not renew an objection or offer of proof to preserve a claim of error for appeal") (emphasis added). Failing to rule on an objection is unfair to the parties and reduces trust in the criminal justice system.

[8]     A.W. objected first to Akers' testimony that he was monitoring a computer with the location of all juveniles on home detention in Marion County on February 25, 2019, and that he received a tamper alert on the grounds that the information Akers' learned from monitoring his computer was hearsay. The State argued Akers "can testify as to what he saw on the screen and what happened afterwards." (Tr. Vol. II at 9.) The trial court properly overruled A.W.'s objection because that testimony was not hearsay because it was not being offered for "the truth of the matter asserted." Ind. R. Evid. 801. Rather, it explains why Akers took the investigative steps that he did, and "[a]n out-of-court statement introduced to explain why a particular course of action was taken during a criminal investigation is not hearsay because it is not offered to prove the truth of the matter asserted." *Goodson v. State*, 747 N.E.2d 1181, 1185 (Ind. Ct. App. 2001), *trans. denied*. Therefore, the trial court did not err when it overruled A.W.'s objection. *See Bates-Smith v. State*, 108 N.E.3d 399, 405 (Ind. Ct. App. 2018) (holding detective's testimony was not hearsay because it was offered to explain the course of his investigation and the reason officers stopped the defendant's vehicle).

[9]     A.W.'s second objection was to the State's question, "Who was supposed to be wearing that GPS monitoring?" (Tr. Vol. II at 9.) A.W. objected stating:

> Judge I am going to ask the Court not to allow Mr. Akers to testify about who was supposed to be wearing that monitor. He got that information from another source. He didn't put it on him. He doesn't know if that one was one that was actually put—supposed to be on [A.W.]. All of that is based on hearsay. Uh, he is just telling the Court what somebody else told him.

(*Id.* at 9-10.) The judge did not rule on this objection and allowed the State to continue to question Akers.

> [State:] Is it standard practice by your department that you supervise to ask and inform uh juveniles who get put on GPS, what their rules are?
>
> [Akers:] My staff does that, yes.
>
> [State:] So that is standard practice?
>
> [Akers:] Yes.
>
> [State:] And is it fair to say that your staff have been trained—
>
> [A.W.'s Counsel:] Judge I am going to object as to—it doesn't matter what happens in everybody else's case. It only matters what happened in [A.W.'s] case. Can Mr. Akers definitively say that this specific monitor was put on [A.W.'s] ankle and this is the one that [A.W.] had on and this is [the] one that made the alert. Maybe the probation officer mixed them up, maybe it was somebody else's monitor but Mr. Akers has no personal knowledge as to this specific monitor being on [A.W.'s] foot or anything that was went [sic] over with [A.W.] or any evidence. Standard practice is not evidence.
>
> [Court:] Uh huh but he was asking more questions. Go ahead.

(*Id.* at 10.)

[10] The State then proceeded to continue to question Akers about his receipt of the tamper alert and decision to go to North Central High School. Later in Akers' testimony, the following exchange occurred:

> [State:] And when you were [at the high school] what did you find?
>
> [Akers:] The GPS tracker that we had placed on [A.W.], and the reason that I could—
>
> [A.W.'s Counsel:] Judge I am going to object to the characterization that we had placed. Mr. Akers did not place it.
>
> [Court:] Okay.
>
> [A.W.'s Counsel:] And he was not there when it happened. He can't testify as to how that happened or when that happened. It is information he got from someone else, which is hearsay.
>
> [Court:] Okay we will note your objection. Go ahead.
>
> [State:] How did the GPS tracker appear to you?
>
> [Akers:] When I drove to the parking lot, I was basically going off of the last GPS points that I saw so I went to that area of North Central, the parking lot which is behind the school near the soft ball [sic] field and I retrieved at that time a GPS tracker with a serial number [that] matches the same number that we have input into the system for [A.W.]

(*Id*. at 11-12.)

A.W. argues Akers' testimony that the specific device Akers found was the device assigned to A.W. was inadmissible hearsay, and without that evidence, there is insufficient evidence to support the true finding. The Rules of Evidence recognize an exception to the rule against hearsay for the record of a regularly conducted activity. Ind. R. Evid. 803(6). However, a proper foundation must be laid before the exhibit can be admitted, which requires the proponent of the exhibit to establish:

> A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(9) or (10) or with a statute permitting certification; and
>
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

*Id.* The State did not put into evidence the record indicating the serial number of the device Akers recovered at North Central High School or the record of the

serial number recorded in the probation departments' system for A.W.'s device.[3]

[12]    Nevertheless, Indiana Code Section 35-44.1-3-4 provides: "A person who knowingly or intentionally violates a home detention order or intentionally removes an electronic monitoring device or GPS tracking device commits escape, a Level 6 felony." The State was not required to produce the specific person who put the electronic monitoring device on A.W. in order to prove the offense. The Probation Officer's Report of Preliminary Inquiry indicates A.W. was on pre-dispositional electronic monitoring on February 25, 2019, in Cause Number 49D09-1902-JD-000146. Akers testified he discovered an electronic monitoring device with a cut strap at North Central High School. On cross-examination, A.W. asked Akers, "And although those numbers were input, you don't know if they were properly imputed [sic] and assigned to [A.W.]?" (Tr. Vol. II at 12.) Akers answered, "I would say they were because the GPS points prior to that always lead [sic] to wear [sic] [A.W.'s] locations were, as did this location at North Central HS where [A.W.] was that day." (*Id.*) Therefore, A.W. was required to wear an electronic monitoring device on the

---

[3] The Rules of Evidence are meant to ensure that judicial proceedings are conducted fairly and with an eye towards ascertaining the truth. *See* Ind. R. Evid. 102. To this end, parties need to be mindful of the Rules of Evidence and proffer evidence in accordance with the Rules. Business records are excepted from the hearsay rule because they bear independent indicia of trustworthiness. *Embry v. State*, 989 N.E.2d 1260, 1264 (Ind. Ct. App. 2013). In the case at bar, the State could have anticipated and addressed A.W.'s objections by producing and laying the foundation for admission of the records indicating the serial number of the device assigned to A.W.

date of the offense, Akers found a monitoring device with a cut strap on that date, and the electronic monitoring device Akers found consistently had led to A.W.'s location.

[13] "In bench trials, we presume that the court disregarded inadmissible evidence and rendered its decision solely on the basis of relevant and probative evidence." *Berry v. State*, 725 N.E.2d 939, 943 (Ind. Ct. App. 2000). Therefore, even if any evidence was inadmissible here, we hold the State presented sufficient admissible evidence to support the trial court's true finding for escape. *See Keith v. State*, 91 N.E.3d 1029, 1033 (Ind. Ct. App. 2018) (holding sufficient evidence supported defendant's escape conviction when she was supposed to go directly home after picking up her monitoring device but she drove to numerous other locations instead), *trans. denied*.

# Conclusion

[14] It was not an abuse of discretion for the trial court to admit evidence of Akers' investigative activities. Further, the State presented sufficient evidence to support the true finding even without Akers' testimony matching the serial number of the device he recovered at the high school to the serial number listed in the probation department's records. Therefore, we affirm the juvenile court.

[15] Affirmed.

Crone, J., and Pyle, J., concur.