## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 23 2020, 9:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin James McCaster, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 23, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2398 <br><br> Appeal from the Tippecanoe Circuit Court <br><br> The Honorable Sean M. Persin, Judge <br><br> Trial Court Cause No. <br> 79C01-1906-F5-106 |

**Pyle, Judge.**

# Statement of the Case

Kevin James McCaster, Jr., ("McCaster"), pled guilty to Level 6 felony domestic battery[1] and two counts of Level 6 felony invasion of privacy.[2] The trial court sentenced him to two years for each conviction and ordered the sentences to run consecutively to each other, with five years executed at the Department of Correction ("DOC"). On appeal, McCaster argues that the trial court erred when it excluded children from his sentencing hearing. Concluding that the trial court had the inherent authority to exclude the children, we affirm the trial court's judgment.

We affirm.

# Issue

> Whether the trial court erred when it excluded children from McCaster's sentencing hearing.

# Facts

McCaster and Crystal Jones ("Jones"), who are no longer in a relationship, have three daughters who are nine, eight, and six years old. McCaster also has an infant son with his current girlfriend. In June 2019, McCaster went to Jones' house, kicked in her front door, and physically attacked her. The State

---

[1] IND. CODE § 35-42-2-1.3.

[2] I.C. § 35-46-1-15.1.

charged McCaster with Class A misdemeanor domestic battery, Level 6 felony domestic battery, Level 5 felony domestic battery, and Level 6 felony residential entry.

[4]     The same day that McCaster was charged with these offenses, the trial court issued a no-contact order prohibiting McCaster from contacting Jones. However, over the course of the following five days, McCaster telephoned Jones several times from jail. During the telephone calls, McCaster told Jones not to cooperate with law enforcement or the prosecutor's office. He also told her to make up a story that someone else had hit her or to say that he had hit her in the face while opening a door. McCaster further instructed Jones to write a letter explaining that she did not want to be involved in prosecuting McCaster. As a result of the calls, the State charged McCaster with three counts of Class A misdemeanor invasion of privacy and three counts of Level 6 felony invasion of privacy.

[5]     In August 2019, pursuant to a plea agreement, McCaster pled guilty to Level 6 felony domestic battery and two counts of Level 6 felony invasion of privacy. The State dismissed the remaining counts, and sentencing was left to the trial court's discretion.

[6]     At the beginning of the September 2019 sentencing hearing, while the State was setting up an audiotape of one of McCaster's telephone calls to Jones, the trial court stated as follows:

We'll note that we're on the record. This is 79C01-1906-F5-106. State of Indiana versus Kevin McCaster Jr., and the state had some exhibits, adults can be in here. I don't want the children in here during the sentencing hearing. They can wait on the bench outside. Wait before you play that. I should clarify if it's like a newborn I don't care if they're in here, they don't understand what's going on. I don't want children that can listen and understand what's going on being in here. A newborn is fine to be in here as long the child is not making any noise. And the reason for that Mr. McCaster is we're going to talk about some things that they don't need to be listening to okay. And we're going to be playing recordings that I don't want them listening to so by agreement of the parties I think there were some court excuse me jail phone calls that the court could listen to.

(Tr. Vol. 2 at 29-30). McCaster did not object to the trial court excluding the children from the sentencing hearing.

[7] The trial court listened to an audiotape of one of the telephone calls, which included two expletives. After hearing testimony and argument from both parties, the trial court stated as follows:

Let's talk about the case. The state's exhibit one. Not only do we have [Jones], we have another witness, b*tch you're going to take these kids, breaking down the door, kicking down the door, punching her in the face several times. [Jones] gets mad, she throws a shoe at you, you walk back to her and beat her again. In the face. The child's got to get out of the courtroom. It's not the first time. We've been here before. . . . [T]he kids are on the phone, kids are crying, and you're saying don't do this to me. Don't do this to me. You think that she did this? Heck no. Please don't go down there, please don't talk to them. You don't communicate to them they can't do anything. . . . Think about what you have done physically to her and what you've done emotionally to her. Putting her in this situation. And then suggesting to her this is all her fault. Making her feel guilty. It's all her, because she can make it go away all she has to do is make a phone call. . . . Tell them that you kind of bumped into the

door and it kind of hit you in the face. Are you kidding me? Are you kidding me? How does that—are you surprised that I'm upset when I listen to these calls? I love you daddy in the background, they're listening to the whole conversation, heart breaking to listen to your kids. Heartbreaking. They love you to death. But it's not [Jones'] fault that you're here, it's your fault that you're here.

(Tr. Vol. 2 at 52-54).

[8] Thereafter, the trial court sentenced McCaster to two (2) years for each of the three convictions. The trial court further ordered the sentences to run consecutively to each other, with five years executed at the DOC. McCaster now appeals.

# Decision

[9] McCaster's sole argument is that the trial court erred when it excluded children from his sentencing hearing. At the outset, we note that McCaster did not object to the exclusion of the children. He has therefore waived appellate review of this issue. *See Palilonis v. State*, 970 N.E.2d 713, 730 (Ind. Ct. App. 2012) (holding that failure to make a contemporaneous objection results in waiver of the issue on appeal), *trans. denied*.

[10] Waiver notwithstanding, we find no error. INDIANA CODE § 5-14-2-3 provides that a trial court may not order the exclusion of the general public from a criminal proceeding unless it gives both parties and the public a "meaningful opportunity to be heard on the issue of any proposed exclusion." INDIANA CODE § 5-14-2-6(g) further explains that after giving the parties and the public

the opportunity to be heard, the trial court must make specific findings of fact and conclusions thereon in support of its order.

[11] Here, McCaster's sole argument is that the trial court failed to comply with INDIANA CODE § 5-14-2-6(g). McCaster specifically contends that "the record is devoid of any findings with respect to the number of children excluded from the sentencing hearing pursuant to the closure order, their respective ages, their relationship to [McCaster] o[r] other interested parties, or whether any adults were required to absent themselves from the sentencing hearing in order to supervise the children outside the courtroom." (McCaster's Br. at 9).

[12] However, INDIANA CODE § 5-14-2-7 further provides that "[t]his chapter does not affect the inherent power of a court to make limited exclusions of witnesses, to relieve overcrowding, to protect the order and decorum of the courtroom, or to exclude those individuals whose presence constitutes a direct threat to the safety of the spectators, parties, or witnesses."

[13] In this case, we conclude that the trial court had the inherent power to exclude children from the sentencing hearing. The trial court specifically explained that the sentencing hearing would include a discussion that was not appropriate for children to hear. In addition, the trial court did not want children to hear the recording of McCaster's telephone call to Jones. Our review of the evidence reveals that the telephone call that the trial court listened to contained expletives. Further, during the sentencing hearing, the trial court reviewed the specific details of a McCaster's domestic violence case wherein McCaster

punched Jones, the mother of his three daughters, in the face multiple times. The trial court also reviewed the specific details of the threatening telephone calls that McCaster had made to Jones in violation of a protective order and pointed out that his children could be heard crying in the background. The trial court had the inherent authority to exclude children from the sentencing hearing to protect them from hearing the specific details of the case and the telephone call. We find no error. *See also Long v. State*, 121 N.E.3d 1085, 1088 (Ind. Ct. App. 2019) (explaining that a trial court is "given latitude to manage the courtroom and maintain order and decorum"), *trans. denied*.

Affirmed.

Bradford, C.J., and Baker, J., concur.